## LAWSINE v. GLENN L. MARTIN CO.

### No. 5829.

United States Court of Appeals
Fourth Circuit.

Dec. 3, 1948.

Joseph Kadans, of Baltimore, Md., for appellant.

Franklin G. Allen, of Baltimore, Md. (Charles C. G. Evans and Marbury, Miller & Evans, all of Baltimore, Md., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from an order dismissing an action for lack of federal jurisdiction. Diversity of citizenship is not properly alleged and is not relied on by appellant. We think it clear that no case arising under the Constitution or laws of the United States is alleged. The allegation of the complaint is that plaintiff had certain papers relating to a design formula embodying patentable invention; that at defendant's invitation he carried these to defendant's plant for the purpose of discussing them with an employe of defendant; that he was told that he would not be allowed to leave the plant until he released the papers into the possession of defendant; and that he surrendered them into defendant's possession under these circumstances. Damages are asked for the taking of the papers and for false arrest. It is too clear for argument that such a cause of action cannot be said to arise out of the patent laws, the Espionage Act, 18 U.S.C.A. § 791 et seq., or any other statute of the United States; and this is true, even though it is alleged that the Espionage Act

**986**

was relied on by the defendant as its justification in seizing the papers. Gully v. First Nat. Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70. Nor is a case alleged of violation of constitutional rights with respect to the arrest made, since there is no allegation that the person making the arrest was an officer either of the state or of the federal government. It is elementary that the constitutional amendments relied on protect only against governmental action. When the complaint is viewed in the light most favorable to plaintiff, it shows no more than a seizure of papers and an unlawful arrest of the person, for which a state court might afford relief, but which is supported by no allegation of any matter which would bring it within the federal jurisdiction.

Affirmed.