## LYONS v. WELTMER.

### No. 5851.

United States Court of Appeals
Fourth Circuit.

May 17, 1949.

Julius Hall Lyons, pro se.

Harrison L. Winter, Assistant Attorney General of Maryland (Hall Hammond, Attorney General of Maryland, on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal by plaintiff from an order dismissing an action for damages against the Superintendent of the Spring Grove State Hospital, an institution for the insane maintained by the State of Maryland. At the time of the institution of the action plaintiff was a citizen of the State of Maryland. He claims to have removed to the State of Virginia since taking the appeal; but this would not confer jurisdiction on the ground of diversity of citizenship, as questions of jurisdiction are to be determined on the basis of conditions existing at the time the action was instituted. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 293, 58 S.Ct. 586, 82 L.Ed. 845; Connolly v. Taylor, 2 Pet. 556, 7 L.Ed. 518; Travelers Protective Ass'n v. Smith, 4 Cir., 71 F.2d 511, 512.

Plaintiff contends that his action should be sustained as one arising under the Constitution and laws of the United States. When the complaint is construed in the light most favorable to him, however, it alleges nothing more than a cause of action for false arrest or false imprisonment against the superintendent of an insane asylum by one who claims to have been improperly confined therein, and this is far from being a case arising under the Constitution and laws of the United States of which the federal courts are given jurisdiction by statute. Without attempting to define the cases in which abuse of power by a state official may justify suit in the federal courts, it is perfectly clear that the case alleged does not fall within that cat-

egory. If it did, every case against a state officer for false arrest or false imprisonment would be cognizable in the federal courts. See Screws v. United States, 325 U.S. 91, 109, 65 S.Ct. 1031, 89 L.Ed. 1495, 162 A.L.R. 1330; Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939; McCartney v. West Virginia, 4 Cir., 156 F.2d 739; Leo Lawsine v. The Glenn L. Martin Co., 4 Cir., 170 F.2d 985. There is no allegation of any matter which would bring the case here within the federal jurisdiction.

Affirmed.