## LYONS v. BAKER et al.
### No. 12970.

United States Court of Appeals,
Fifth Circuit.
March 28, 1950.
Rehearing Denied May 3, 1950.

Carroll Dunscombe, Stuart, Fla., for appellant.

T. T. Oughterson, Stuart, Fla., M. G. Littman, Stuart, Fla., Thad H. Carlton, Ft. Pierce, Fla., Murray W. Overstreet, Kissimmee, Fla., Evans Crary, Stuart, Fla., for appellees.

Before HUTCHESON, Chief Judge, and WALLER and RUSSELL, Circuit Judges.

### PER CURIAM.

Claiming federal jurisdiction for his suit as one arising under the Constitution and laws of the United States, plaintiff alleged that in reporting to the judge of a circuit court for the State of Florida, a grand jury, convened on behalf of the State of Florida for Martin County, in order to harm, libel and injure the plaintiff, made false and malicious charges against him in violation of his civil rights.

The defendants moved to dismiss the complaint, setting up among other grounds, "The complaint shows upon its face that this Court is without jurisdiction of the subject matter and parties", and "The matters and things set forth in the said complaint shows upon their face that this cause does not arise under the following parts of the Constitution of the United States, namely; Article 1, Sec. 5; Article 3, Sec. 2; Article 4, Sec. 2 and the 14th Amendment and also the following laws of the United States, Title 8, Sections 41, 42, 43, 47, 48 and Title 28, Sec. 41, Subsections 12 and 14" [now § 1343], invoked by plaintiff.

The motion to dismiss was argued and submitted and the following order entered:

"Upon consideration, it is Ordered that said motion is granted. It appears from the complaint that the act complained of was done under judicial authority."

Plaintiff is here insisting that in so ruling the court erred.

Appellees, urging that it did not, insist that, whether it was properly dismissed on the merits, it was certainly properly dismissed for want of jurisdiction.

We agree with appellees that no case for federal jurisdiction was made out and that the judgment of dismissal should be affirmed, not upon the merits but for want of federal jurisdiction.