Elizabeth CAWLEY, Plaintiff-Appellant,

v.

Harland WARREN, Wendall Thompson and Harold Wensland, Defendants-Appellees.

No. 11160.

United States Court of Appeals Seventh Circuit.

Oct. 13, 1954.

Taylor E. Wilhelm, Patrick Cawley, La Salle, Ill., for appellant.

William C. Wines, Lawrence A. Kerns, Morton E. Anderson, Chicago, Ill., Latham Castle, Atty. Gen. of Illinois, for appellees. Raymond S. Sarnow, Asst. Atty. Gen. of Illinois, of counsel.

Before MAJOR, SWAIM and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Plaintiff appeals from an order of the District Court sustaining defendants' contention that plaintiff's complaint does not state a cause of action under the civil rights act,[1] and dismissing the complaint.

The complaint, which is brought against defendant Warren, state's attorney of La Salle county, Illinois, defendant Thompson, first assistant state's attorney of said county, and defendant Wensland, who was foreman of the La Salle county grand jury, charges that the defendants conspired to deprive plaintiff of her constitutional rights under section 1 of article XIV of the federal constitution and that, knowing that plaintiff had committed no violation of law of the state of Illinois, procured indictments against her by said grand jury, without any competent witnesses appearing before said grand jury and without the presentation of any competent evidence of any kind before said grand jury, and did then and there conspire in procur-

ing said indictments; that defendants' acts were wilful and wanton; whereby she was arraigned, incarcerated in jail, and compelled to give bail, and as a result thereof plaintiff was damaged; that the Circuit Court of La Salle county dismissed said indictments; and that the cause of action is pursuant to 8 U.S.C.A. § 47(3) (now 42 U.S.C.A. § 1985).

The motion to dismiss the complaint states, *inter alia*, that the alleged actions charged against the defendants were done in their official capacities, wherefore they are not amenable to suit under the civil rights act. In this court the defendants likewise contend that they are immune from a suit of this kind.

The law supports this claim of immunity. It extends to and includes judges, prosecuting attorneys and members of a grand jury.

In Alzua v. Johnson, 231 U.S. 106, 34 S.Ct. 27, at page 29, 58 L.Ed. 142, involving a judge, at page 144 the court said:

"* * * we regard it as fundamental that the immunity of the defendant from this suit is the same as that of judges in the United States, which is established beyond dispute. Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646; Randall v. Brigham, 7 Wall. 523, 19 L.Ed. 285."

The reason for this rule of immunity is set forth in Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646, at page 649:

"For it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequence to himself. Liability to answer to everyone who might feel himself aggrieved by the action of the judge, would be inconsistent with the possession of this freedom, and would destroy that independence without which no judiciary can be either respectable or use-

1. 42 U.S.C.A. § 1985.

ful. \* \* \* Nor can this exemption of the judges from civil liability be affected by the motives with which their judicial acts are performed. The purity of their motives cannot in this way be the subject of judicial inquiry. \* \* \* If civil actions could be maintained in such cases against the judge, because the losing party should see fit to allege in his complaint that the acts of the judge were done with partiality, or maliciously, or corruptly, the protection essential to judicial independence would be entirely swept away. Few persons sufficiently irritated to institute an action against a judge for his judicial acts would hesitate to ascribe any character to the acts which would be essential to the maintenance of the action."

State's attorneys in Illinois are judicial officers. Sec. 22, art. VI, Illinois Constitution of 1870, S.H.A.

■■■ While the constitution of Illinois does not mention the grand jury directly, it does recognize its existence by providing for indictments by a grand jury, and authorizing its abolition. Sec. 8, art. II, Illinois constitution of 1870. Neither the constitution nor any act of the legislature of Illinois has ever attempted to define the grand jury. It had its origin in the common law and has existed for many hundred years. Its constitution, organization, jurisdiction and method of proceeding were all well known features of the common law before the organization of the state of Illinois and have been recognized and adopted in all of its constitutions and in legislation as it existed at the organization of the state. When it was so referred to, the common law grand jury became a part of the fundamental law of the state for the prosecution of crime, and no authority has ever existed in Illinois for the prosecution of felonies except upon the indictment of a grand jury. The power of the grand jury is not dependent upon the court but is original and complete, and its duty is to diligently inquire into all offenses which shall come to its knowledge, whether from the court, the state's attorney, its own members or from any source, and it may make presentments of its own knowledge without any instruction or authority from the court. The court cannot limit the scope of the investigation of the grand jury. People ex rel. Ferrill v. Graydon, 333 Ill. 429, 164 N.E. 832.

In Laughlin v. Rosenman, 82 U.S.App. D.C. 164, 163 F.2d 838, involving a prosecuting attorney charged with conspiring with others to procure plaintiffs' indictment on false testimony, the court held that the rule of immunity from civil liability of a public officer applied to a charge of violation of the civil rights act and affirmed a judgment dismissing the complaint of the plaintiff upon the ground that it failed to state a claim upon which relief could be granted.

In Lyons v. Baker, 5 Cir., 180 F.2d 893, which involved members of a grand jury, it was held that a complaint alleging that the grand jury made false and malicious charges against plaintiff in violation of his civil rights, was properly dismissed on motion.

■■■ We hold that the state's attorney, the first assistant state's attorney and the foreman of the grand jury as a member thereof, named as defendants herein, were at the times complained of judicial officers of the state of Illinois, and, as such, were protected by the same rule of immunity which is applicable to judges.

Francis v. Crafts, 1 Cir., 203 F.2d 809, in reiterating the immunity of judges from civil liability, distinguishes Picking v. Pennsylvania R. Co., 3 Cir., 151 F. 2d 240, which is relied on by plaintiff in the case at bar.

To the same effect is Campo v. Niemeyer, 7 Cir., 182 F.2d 115.

While we can understand from the facts set forth in plaintiff's complaint her outraged feeling resulting from the charged acts of the defendants, the rule

enunciated in the foregoing cases is that, as a matter of public policy, such an injured person is without relief in a civil proceeding. Hence the judgment of the District Court is

Affirmed.