**Robert P. DYE**

v.

**Luther COX.**

**Civ. A. No. 945.**

United States District Court
E. D. Virginia, Alexandria Division.
Nov. 4, 1954.

John Locke Green, Arlington, Va., for plaintiff.

William W. Koontz, Alexandria and Charles G. Stone, Warrenton, Va., for defendant.

BRYAN, District Judge.

Pecuniary damages are here sought for alleged violations of the third Civil Rights Act, adopted April 20, 1871, 17 Stat. 13, § 1, R.S. 1979, and now 42 U.S. C.A. § 1983, which reads as follows:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

A motion to dismiss questions the legal sufficiency of the facts averred to invoke the statute.

The complaint charges that defendant, a deputy sheriff and ex officio jailor of Fauquier County, Virginia, under color of State law or city ordinance but without cause arrested the plaintiff, locked him in the county jail, and kept him there over night, refusing him opportunity to make bail. Furthermore, the complaint accuses the defendant of pommeling the plaintiff with the metal end of a broom, to his serious injury, while he was confined in a cell.

Defendant presses the argument that these allegations plead only a cause of action for false arrest, false imprisonment, and assault and battery at common law; he denounces as a distortion of its plain purpose the attempt of the plaintiff to declare upon the Civil Rights Act on these facts. The burden of the argument is that the Act cannot be used as a basis of recovery for common law torts.

■ But the authorities do not support this contention when the tort includes a purposed deprivation of Constitutional rights. Since Hague Estate v. Committee for Industrial Organization, 1939, 307 U.S. 496, 512, 525, 59 S.Ct. 954, 83 L.Ed. 1423, the Act must be held to give an immediate cause, and right, of action for misconduct whenever the aim and effect of such misconduct is to deprive a person of his civil rights. Though a criminal case, Screws v. U. S., 1945, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495, undergirds this conclusion. Picking v. Pennsylvania R. Co., 1945, 3 Cir., 151 F.2d 240 squarely holds so. The Second circuit concurs. Burt v. City of New York, 1946, 156 F.2d 791, 792. This is the view of the Sixth and Seventh too. McShane v. Moldovan, 1949, 172 F.2d 1016, 1019; Geach v. Moynahan, 1953, 207 F.2d 714. The subject has not been so presented to the Fourth circuit as to justify an expression of opinion, the complaints being rejected for vagueness and uncertainty or because of the absence of color of State action. McCartney v. State of West Virginia, 1946, 156 F.2d 739; Lawsine v. Glenn L. Martin Co., 1948, 170 F.2d 985; and Lyons v. Weltmer, 1949, 174 F.2d 743.

■■ The due process covenant of the Constitution of the United States avouches plaintiff's right to be free of arrest save on probable cause; it assures him the right to be at liberty, to be imprisoned only for cause; it affirms his right to bail; and it secures his right to personal safety while in the hands of his jailor. Catlette v. U. S., 1943, 4 Cir., 132 F.2d 902, 906. Clearly the defendant's behavior, if true as laid, deprived plaintiff of these rights. To be actionable, however, as the deprivation of Federal rights, the denial must have been accomplished with the purpose of robbing the plaintiff of his rights. Without allegation and proof of this purpose, merely a common law wrong is made out. Snowden v. Hughes, 1944, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497; Burt v. City of New York, supra, 2 Cir., 156 F.2d 791, 792.

■ This case, therefore, can go to the jury only if the plaintiff adduces evidence from which the jury might find that defendant acted with the purpose of depriving plaintiff of rights guaranteed him by the Constitution. Of course,

such purpose may be proved not only by direct evidence but also by circumstantial evidence, as through inference or implication from the conduct of the defendant. Of such a cause of action the Court is plainly vested with jurisdiction by section 1343, title. 28 United States Code.

The motion to dismiss will be granted because of the absence of an allegation of purposefulness on the part of the defendant, but the plaintiff is given leave to amend his complaint to plead purposefulness, if he can do so, and the defendant shall answer within 10 days after such amendment. If the complaint is not so amended within 10 days it shall be dismissed.