**Lew DALY, Plaintiff,**

v.

**W. H. STOTTS, R. C. Harris, Alex Higdon, Alvin R. Jackson, and Herman Merson, Defendants.**

**Civ. A. No. 6275.**

United States District Court
W. D. Oklahoma.

Dec. 7, 1954.

556

Wayne E. Wheeling, Oklahoma City, Okl., for plaintiff.

McInnis, Cantrell, Thompson & Sullivan and Monnet, Hayes & Bullis, Oklahoma City, Okl., for defendants.

WALLACE, District Judge.

The plaintiff, Lew Daly, brings this action to recover damages from the defendants for an alleged conspiracy whereby the defendants maliciously prosecuted the plaintiff in connection with certain defalcations which took place in the Capital Finance Office in Oklahoma City while plaintiff's wife was the office manager of said company.[1] Plaintiff urges, among other things, that the defendants, in an effort to coerce plaintiff into confessing to said defalcations, had a third person, identified to plaintiff only as "Mr. Campbell", purportedly a federal officer, place plaintiff under arrest and hold plaintiff in a hotel room.[2] Plaintiff further asserts that based upon false swearing by the defendants a preliminary information was filed by the Oklahoma County Attorney and that later the Oklahoma County Grand Jury returned an indictment against the plaintiff.

Defendants, by a motion to dismiss have challenged this Court's jurisdiction; and, after a careful study of plaintiff's *Petition* the Court has concluded that the motion is good.

Plaintiff's allegations affirmatively show a lack of diversity of citizenship.[3] In addition, the allegations fail to demonstrate that plaintiff in suing the defendants is in any way relying upon federal

1. Defendants were all persons interested in the financial condition of said finance company; defendants Stotts, Harris and Higdon were officers of the company and defendants Jackson and Merson were members of the Board of Directors.

2. Defendants allegedly sought this confession in order to cause the surety bond carriers of plaintiff's wife to pay the sums supposedly embezzled.

3. All parties to the suit are citizens of Oklahoma.

constitutional rights the protection of which is found within the framework of the Civil Rights Statutes, although presumably plaintiff looks to such statutes to establish federal court jurisdiction.[4]

Plaintiff's theory for recovery is founded upon the alleged misconduct of the defendants whereby such individual persons falsely imprisoned plaintiff by means of one purporting to be a federal officer and maliciously prosecuted plaintiff by virtue of false swearing which resulted in plaintiff being indicted by a grand jury.

■ The character of plaintiff's grievance in no manner calls into play the protection afforded by the Civil Rights Statutes, inasmuch as such statutes do not have the effect of taking into federal control the protection of private rights against invasion by individuals, but the protection of such rights and the redress

for such wrongs is left with the states.[5] Even had the plaintiff charged a federal officer with the misconduct in question and joined him as a party defendant, plaintiff's remedy would still lie in the local law of the state and not within the purview of the federal constitution;[6] and, in the instant case plaintiff only alleges that a third person, not a party to the suit, held himself out as a federal officer.

■ Plaintiff makes no allegation that any state officers were guilty of discrimination under the authority and color of state law;[7] and, in order to state a cause of action falling within the scope of federal jurisdiction founded upon a failure to give equal protection of the laws, the plaintiff must assert that under the color of state law he has been deprived of such equal protection by state officials acting in furtherance of their official duties.[8]

---

4. 42 U.S.C.A. §§ 1981–1988. See in particular § 1983 which provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States * * * to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding". See also 28 U.S.C.A. § 1343 which vests United States District Court with original jurisdiction over civil rights actions.

5. Love v. Chandler, 8 Cir., 1942, 124 F.2d 785. Cf. Lyons v. Baker, 5 Cir., 1950, 180 F.2d 893.

6. In Viles v. Symes, 10 Cir., 1942, 129 F.2d 828, 830, 831, Judge Murrah stated: "Clearly, the gravamen of the appellant's suit is one for malicious prosecution and false imprisonment. The cause of action which he attempts to assert arises from his alleged wrongful trial and conviction in a United States District Court, wherein the parties against whom he seeks judgment are, the judge of the court, the district attorney and his assistant who prosecuted him, the witnesses who testified on behalf of the government, and his subsequent imprisonment pursuant to processes issued out of that court under its authority while acting in a judicial capacity. His right to recover has its

genesis and is governed by the local law of the forum. True, his right to due process of law and to a speedy, fair and impartial trial, is protected by the Fifth and Sixth Amendments to the Constitution, but these rights as here asserted lurk in the background of his suit, and do not, in these circumstances, confer jurisdiction upon the courts of the United States. [Citing authority.] Appellant does not assert or claim the deprivation of any right or immunity under color of state law or statute which would bring him within the purview of the Civil Rights Act and excuse the otherwise requisite diversity of citizenship. [Citing authority.]"

7. "It is well established that the protection provided by the Fourteenth Amendment to the Constitution is against the acts of the States only. It does not apply to the acts of individuals. [Citing authority.]" Watkins v. Oaklawn Jockey Club, 8 Cir., 1950, 183 F.2d 440, 442. Accord, Allen v. Corsano, D.C.Del.1944, 56 F.Supp. 169; Shemaitis v. Froemke, 7 Cir., 1951, 189 F.2d 963.

8. Watkins v. Oaklawn Jockey Club, footnote 7 supra, syl. (4) states: "Where plaintiff alleged that sheriff and deputy and president of race track entered into conspiracy to deprive plaintiff of his civil rights and liberties by ejecting him from race track, in passing on defendant's motion for judgment it was duty of trial

Counsel should submit an order which conforms with this memorandum opinion within ten days dismissing the instant case.

court to determine only whether evidence was sufficient to support finding and verdict that sheriff and deputy in ejecting plaintiff were acting in their official capacity under color of state law or as agents only of race track. [Citing authority.]" Significantly, even where a state prosecuting officer uses perjured testimony to convict, such a conspiracy does not amount to a denial of equal protection of the laws invoking federal jurisdiction for as observed in Mitchell v.

Greenough, 9 Cir., 1938, 100 F.2d 184, 186, 187: "Appellant was subjected to no greater hazard than any other individual in the state, namely, the hazard of being prosecuted for a crime and convicted by false testimony, and if the prosecuting officer of the county were sufficiently corrupt to use his high office for the purpose of convicting innocent people by perjured testimony, all the citizens within his jurisdiction would be subject to the same hazard."