Talbot JENNINGS, Plaintiff-Appellant,

v.

Fremont NESTER, Edward Piotter, Larry Vodvarka, John S. Boyle, James A. Brown and John Phillips, Defendants-Appellees.

No. 11234.

United States Court of Appeals, Seventh Circuit.

Nov. 29, 1954.

Rehearing Denied Jan. 3, 1955.

Talbot H. Jennings, Joliet, Ill., for appellant.

John Gutknecht, State's Atty., Morre M. Peregrine, John J. Mortimer, Chicago, Ill., Gordon B. Nash, Meyer H. Goldstein, James C. Murray, Asst. State's Attys., L. Louis Karton, Arthur Magid, Assts. Corp. Counsel, Chicago, Ill., of counsel, for appellees.

Before FINNEGAN and SWAIM, Circuit Judges, and PLATT, District Judge.

SWAIM, Circuit Judge.

In 1948 the plaintiff, Talbot Jennings, was arrested, tried and convicted of a felony. He was sent to the Illinois State Penitentiary. Three years later he was granted a new trial under the Illinois Post-Conviction Hearing Act, S.H.A. ch. 38, § 826 et seq., reconvicted and sent back to prison where he is now incarcerated. See Jennings v. State of Illinois, 342 U.S. 104, 72 S.Ct. 123, 96 L.Ed. 119; People v. Jennings, 411 Ill. 21, 102 N.E.2d 824.

After his second conviction, the plaintiff sued the state's attorneys and police officers, who had arrested him before his first trial, for damages under the Civil Rights Act, 42 U.S.C.A. §§ 1983 and 1985. The lower court dismissed the complaint for failure to state a cause of action and this appeal was taken.

■ Three of the defendants, Boyle, Brown and Phillips, are state's attorneys, and the complaint alleges that they were acting in their official capacities. As such they fall within the rule announced by this court in Cawley v. Warren, 7 Cir., 216 F.2d 74. In the Cawley case we held that state's attorneys when acting in their official capacities are protected by the same immunity in civil cases that is applicable to judges. See Laughlin v. Rosenman, 82 U.S.App.D.C. 164, 163 F.2d 838, and cases cited. The complaint therefore fails to state a cause of action as to the three above named defendants.

■ As to the remaining three defendants, the complaint charges both conspiracies to commit and the actual commission of four acts depriving plaintiff of his constitutional rights. The acts alleged were unlawful search of plaintiff's person, the seizure of certain of his personal property, the introduction into evidence of the unlawfully seized property, and the deliberate use of perjured testimony in his trial. Title 42 U.S.C.A. § 1983 gives a cause of action for deprivation of due process and Section 1985 gives a cause of action for deprivation of equal protection. Ortega v. Ragen, 7 Cir. 216 F.2d 561; McShane v. Moldovan, 6 Cir., 172 F.2d 1016, 1018, n. 2; Bottone v. Lindsley, 10 Cir., 170 F.2d 705, 706, certiorari denied 336 U.S. 944, 69 S.Ct. 810, 93 L.Ed. 1101. Section 1983 does not mention conspiracy, while Section 1985 does. Therefore, the Act creates a cause of action for a conspiracy to deny equal protection but not for a conspiracy to deny due process. Mitchell v. Greenough, 9 Cir., 100 F.2d 184, 186. There must, of course, be an actual denial of due process before a cause arises.

■ The complaint clearly does not state a cause of action for a denial of equal protection. Although it alleges improper acts on the part of the defendants, there is nothing to indicate that every citizen of Illinois is not potentially subject to the same treatment. See Mitchell v. Greenough, supra. If the complaint states a cause of action it is for deprivation of due process, therefore, the plaintiff's charges of conspiracy are without effect, since, as already pointed out, conspiracy to deny due process does not give a cause of action under the Civil Rights Act.

Thus reduced, the complaint charges three police officers (Nester, Piotter and Vodvarka) with illegal search and seizure, and one of them (Piotter) with perjury. The complaint also shows that plaintiff was given a new trial by the State of Illinois and convicted of the same crime a second time. We must assume, without an allegation to the contrary, that the three years served by the

plaintiff because of his first conviction were taken into account when he was sentenced the second time, and that he has not suffered any additional imprisonment because of his first trial. The facts support this assumption. Plaintiff's first sentence was for ten to twenty-five years; his second sentence was for three to fifteen years. There is no allegation that the second trial was not fair, or that plaintiff's constitutional rights had not been respected. On the contrary, it appears from the plaintiff's own complaint that his rights were fully respected in the second trial.

■■■■ The Civil Rights Acts were enacted to protect the civil rights of individuals, and not to discipline local law enforcement officers for acts that are later corrected. Screws v. United States, 325 U.S. 91, 98, 65 S.Ct. 1031, 89 L.Ed. 1495; Lyons v. Weltmer, 4 Cir., 174 F.2d 473. The common law provides adequate actions for damages against errant law enforcement officials. See Wolf v. People of State of Colorado, 338 U.S. 25, 30, n. 1, 69 S.Ct. 1359, 93 L.Ed. 1782. In determining whether or not plaintiff's constitutional rights have been deprived, we must look at everything that transpired. It is obvious from the complaint that as he stands today, the plaintiff has been accorded due process as required by the Fourteenth Amendment.

If we should allow this action for what, if anything, was only a temporary denial, then every new trial under the Illinois Post-Conviction Hearing Act, or any like procedures in other states, would give rise to a cause of action for damages under 42 U.S.C.A. § 1983 or § 1985. We are sure that Congress did not intend such a result.

■■ The purpose of the Civil Rights Acts has been achieved with regard to the plaintiff. He has been given a fair hearing in the state courts with every procedural guarantee required by the Fourteenth Amendment. The improperly obtained evidence was not used against him in the second trial, which is even more than due process requires. Wolf v. People of State of Colorado, supra. Because all this appeared in the complaint, it was properly dismissed in the District Court.

Affirmed.

FINNEGAN, Circuit Judge.

I concur in the result reached in this opinion, but not with all that is said.