Harvey CARPENTER, Appellant,

v.

Honorable John R. DETHMERS, Chief Justice; Hugh H. Carpenter, Supreme Court Clerk; William H. Bannan, Warden, State Prison of Southern Michigan; and Carl R. Schultz, Parole Officer, Appellees.

No. 13308.

United States Court of Appeals Sixth Circuit.

Feb. 26, 1958.

**132**

Samuel J. Torina, Solicitor Gen., Lansing, Mich. (Thomas M. Kavanagh, Atty. Gen., Daniel J. O'Hara and Perry A. Maynard, Lansing, Mich., on the brief), for appellees.

Harvey Carpenter, appellant, pro se.

Before SIMONS, Chief Judge, and MARTIN and STEWART, Circuit Judges.

PER CURIAM.

■ The appellant has failed to observe the admonition of this court in Thompson v. Heither, 6 Cir., 235 F.2d 176, and the full discussion of the principles of judicial immunity from civil actions for damages notwithstanding the Civil Rights Statute [28 U.S.C.A. §§ 1343, 2201; 42 U.S.C.A. § 1983] indulged by this court in the Kenney cases [Kenney v. Fox; Kenney v. Hatfield; Kenney v. Killian], 6 Cir., 232 F.2d 288, wherein we applied the long-established doctrine of Bradley v. Fisher, 13 Wall. 335, 80 U.S. 335, 20 L.Ed. 646, adhered to in Alzua v. Johnson, 231 U.S. 106, 34 S.Ct. 27, 58 L.Ed. 142. See also Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019; Francis v. Crafts, 1 Cir., 203 F.2d 809, 811, 812; Cawley v. Warren, 7 Cir., 216 F.2d 74.

The civil action for damages brought groundlessly by appellant against the esteemed and honored Chief Justice of the Supreme Court of Michigan and the Clerk of that court falls directly within the ban of the cited cases.

■ The action brought by appellant against the Warden of the State Prison of Southern Michigan and the Parole Officer of the Michigan Department of Corrections likewise has no merit. The petitioner was paroled on July 14, 1949, according to his statement and on July 29, 1949, a parole violation warrant was issued for him because of his failure to report to the parole officer. He failed to report to that officer and the Parole Board authorities had no knowledge of his whereabouts until October of 1955, when he was arrested by the Detroit Police on a complaint that he had displayed a knife in threatening a man. He was turned over to parole authorities by the Detroit Police Department and was re-imprisoned pursuant to an outstanding parole violation warrant.

The Michigan Supreme Court has held that a parolee who has violated his parole may be required to serve the remainder of his sentence after the expiration date of the maximum term imposed upon him, provided he has failed to report to the parole officers according to the terms of his parole and has concealed himself from such officers; and, in such circumstances, the period between the date of his delinquency as a parole violator and the date of his arrest is not to be computed in reduction of his unexpired original maximum term. In re Ginivalli, 336 Mich. 101, 57 N.W.2d 457.

The case of In re Colin, 337 Mich. 491, 494, 495, 60 N.W.2d 431, is distinguishable in that, in the Colin case, the Michigan authorities had it within their power on at least three occasions to arrest the parolee, but declined to do so in the

interest of economy. This same conclusion of the inapplicability of the Colin case was reached in appellant's habeas corpus proceeding in the Supreme Court of Michigan. In re Carpenter, 348 Mich. 408, 83 N.W.2d 326.

The judgment of the district court is affirmed.