Willie SMITH and Lonnie Payne, Plaintiffs-Appellants,

v.

Charles S. DOUGHERTY, Paul A. Hansen, John Gutknecht, Kenneth Wilson, Joseph Lohman, Morice McCarthy and William McCarthy, Defendants-Appellees.

No. 13187.

United States Court of Appeals Seventh Circuit.

Feb. 16, 1961.

Willie Smith, and Lonnie Payne, pro se.

Charles D. Snewind, Chicago, Ill., for defendant-appellee John Gutknecht.

Harold Marovitz, Marovitz, Powell & Pizer, Chicago, Ill., for defendant-appellee, Charles S. Dougherty.

William L. Guild, Atty. Gen. of Illinois, William C. Wines, Raymond S. Sarnow, A. Zola Groves, Asst. Attys. Gen., filed separate brief at request of Court.

Before KNOCH and CASTLE, Circuit Judges, and MERCER, District Judge.

KNOCH, Circuit Judge.

This appeal has been submitted to the Court on the records and briefs of the parties without oral argument.

Plaintiffs filed this action under the Federal civil rights statutes seeking damages of $650,000 from defendants, who are described as a Judge of the Criminal Court, the State's Attorney, two Assistant State's Attorneys, the Sheriff, (all of Cook County, Illinois) and two Chicago police officers, all acting in their official capacities. They are charged with depriving plaintiffs of their constitutional and civil rights in connection with allegedly unconstitutional extradition to the State of Michigan to stand trial there on a charge of robbery.

The District Court, having given due consideration to the inept draftsmanship of plaintiffs, both laymen appearing *pro se*, found that their Complaint failed to state a claim upon which relief might be granted, and, accordingly, dismissed the Complaint. Plaintiffs took this appeal.

It appears to us that this case is governed by our holdings in Stift v. Lynch, 7 Cir., 1959, 267 F.2d 237; Cawley v. Warren, 7 Cir., 1954, 216 F.2d 74; and Truitt v. State of Illinois, 7 Cir., 1960, 278 F.2d 819; and cases cited therein.

■■ In Stift, this Court held that Judges of Courts of Record, State's Attorneys and Assistant State's Attorneys are immune from civil liability for acts done by them in the exercise of their judicial functions. This Court further held, that no action under the civil rights statutes lay against the Sheriff as no purposeful and systematic discrimination against a class of persons (of which plaintiffs were members) had been shown. Neither has any been shown in the case before us.

■ In Jennings v. Nester, 7 Cir., 1954, 217 F.2d 153 which involved police officers, we pointed out that the Federal civil rights statutes were not enacted to discipline local law-enforcement officials.

The judgment of the District Court must be affirmed.

This Court previously ordered that plaintiffs' motions for interlocutory orders on the jurisdictional question in advance of hearing on the merits, and for extension of time in which to secure a certified question for presentation to the United States Supreme Court, be taken with the case. Both motions are hereby denied.

Affirmed.