292 F.2d 492
 Albert J. KOSTAL and Arthur J. Watson, Appellants,
v.
Christian D. STONER, Judge, First Judicial District of
Colorado and Bernard P.O'Kane, District Attorney,
First Judicial District, State of
Colorado, Appellees.
 No. 6706.
 United States Court of Appeals Tenth Circuit.
 July 5, 1961.
 
 Terry Noble Fiske, Denver, Colo. (Appellants filed a brief pro se), for appellants.
 William F. Dwyer and Bernard P. O'Kane, Denver, Colo. (F. E. Dickerson and Thomas J. Morrissey, Denver, Colo. on the brief), for appellees.
 Before PHILLIPS, PICKETT and LEWIS, Circuit Judges.
 PICKETT, Circuit Judge.
 The plaintiffs were informed against and tried in the District Court of Jefferson County, Colorado, for the murder of Raymond Isley on December 9, 1956. They were convicted of murder in the first degree, and sentenced to be executed. The judgment was reversed by the Colorado Supreme Court, and the cause was remanded for a new trial. Kostal v. State, Colo., 357 P.2d 70, certiorari denied 365 U.S. 804, 81 S.Ct. 471, 5 L.Ed.2d 462. Shortly thereafter, this action was brought against the defendant Stoner, the presiding judge, and the defendant O'Kane, the prosecuting attorney, to recover damages for the alleged violation of the Civil Rights Act. 42 U.S.C.A. 1983, 1985(3). This is an appeal from two orders severally dismissing the complaint as to each of the defendants for failure to state a claim upon which relief could be granted.
 The substance of the complaint is that the defendants, while performing their official duties as District Judge and District Attorney, respectively, in the prosecution of the aforesaid murder case, acting under color of state law and in their official capacities, conspired together in the judge's chambers to deprive the plaintiffs of a fair trial, as guaranteed by the 14th Amendment to the United States Constitution. The acts alleged as being done in furtherance of the conspiracy are the subornation of perjured testimony, the suppression of evidence vital to the plaintiffs' defense, and the admission of evidence of other offenses committed by the accused.
 Plainly the complaint attempts to state a cause of action against the presiding judge and the prosecuting attorney for acts and conduct which occurred in the performance of their official duties during the trial of a criminal case. The case was admittedly within the jurisdiction of the court over which the defendant judge presided, and the prosecution of the case was a part of the official duties of the defendant prosecuting attorney.
 We have held that the Civil Rights Act does not impair the traditional common law immunity of judges from personal liability in damages for their official acts in matters within their jurisdiction. Spriggs v. Pioneer Carissa Gold Mines, Inc., 10 Cir., 251 F.2d 61, certiorari denied 356 U.S. 950, 78 S.Ct. 914, 2 L.Ed.2d 843; Ryan v. Scoggin, 10 Cir., 245 F.2d 54; See Bottone v. Lindsley, 10 Cir., 170 F.2d 705, certiorari denied 336 U.S. 944, 69 S.Ct. 810, 93 L.Ed. 1101. In Alzua v. Johnson, 231 U.S. 106, 34 S.Ct. 27, 29, 58 L.Ed. 142, an action for damages was brought against a Justice of the Supreme Court of the Philippine Islands. The complaint alleged that the defendant was guilty of malfeasance in rendering two appellate opinions which were adverse to the plaintiff. In holding the Justice immune from an action for damages, the Court said:
 
 
 1
 '* * * we regard it as fundamental that the immunity of the defendant from this suit is the same as that of judges in the United States, which is established beyond dispute. Bradley v. Fisher, 13 Wall. 335 (20 L.Ed. 646);[1] Randall v. Brigham, 7 Wall. 523 (19 L.Ed. 285).'
 
 
 2
 The prosecuting attorney is a judicial, or quasi-judicial officer, and when performing his official duties he enjoys the same immunity from liability for damages that protects a judge who acts within his jurisdiction over parties and litigation. Stift v. Lynch, 7 Cir., 267 F.2d 237; Peckham v. Scanlon, 7 Cir., 241 F.2d 761; Thompson v. Heither, 6 Cir.,235 F.2d 176, appeal dismissed 352 U.S. 921, 77 S.Ct. 232, 1 L.Ed.2d 158; Kenney v. Fox, 6 Cir., 232 F.2d 288, certiorari denied Kenney v. Killian,352 U.S. 855, 77 S.Ct. 84, 1 L.Ed.2d 66; Jennings v. Nester, 7 Cir., 217 F.2d 153, certiorari denied 349 U.S. 958, 75 S.Ct. 888, 99 L.Ed. 1281; Cawley v. Warren, 7 Cir., 216 F.2d 74; 27 C.J.S. District & Prosecuting Attorneys 16.
 
 
 3
 Affirmed.
 
 
 
 [1]
 In Cawley v. Warren, 7 Cir., 216 F.2d 74, 75-76, the Court stated the reason for this rule of immunity by quoting from Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646, as follows:
 '* * * 'For it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequence to himself. Liability to answer to everyone who might feel himself aggrieved by the action of the judge, would be inconsistent with the possession of this freedom, and would destroy that independence without which no judiciary can be either respectable or useful. * * * Nor can this exemption of the judges from civil liability be affected by the motives with which their judicial acts are performed. The purity of their motives cannot in this way be the subject of judicial inquiry. * * * If civil actions could be maintained in such cases against the judge, because the losing party should see fit to allege in his complaint that the acts of the judge were done with partiality, or maliciously, or corruptly, the protection essential to judicial independence would be entirely swept away. Few persons sufficiently irritated to institute an action against a judge for his judicial acts would hesitate to ascribe any character to the acts which would be essential to the maintenance of the action."