**James H. ELSBERRY, Plaintiff,**

v.

**Ralph HAYNES, Norman L. Coffelt, Leonard Geb, Harold Atteberry, and Fireman's Fund Insurance Company, a Corporation, Defendants.**

**Civ. No. 66–221.**

United States District Court

W. D. Oklahoma.

Aug. 2, 1966.

See also D.C., 256 F.Supp. 736; D.C., 256 F.Supp. 738.

Robert P. Kelly, Pawhuska, Okl., for plaintiff.

Neal A. Sullivan, Newkirk, Okl., for defendant Haynes.

Northcutt, Northcutt & Jackman, Ponca City, Okl., for Atteberry.

Raymond A. Trapp, Ponca City, Okl., for Geb.

Duffy, Johnson & Berry, Ponca City, Okl., for Coffelt and Fireman's Fund Ins. Co.

**ORDER**

DAUGHERTY, District Judge.

Upon consideration of the Motion to Dismiss the Amended Complaint of the plaintiff filed herein by the defendant Ralph Haynes, the Court finds that said Motion to Dismiss as to said defendant should be granted.

The plaintiff named the defendant Ralph Haynes as a defendant only in Count I of his Amended Complaint. From this Amended Complaint, it appears that the only claim made against the defendant Ralph Haynes, who was and is the County Attorney of Kay County, Oklahoma, is that this defendant and the Sheriff of said County failed and refused to provide or furnish the plaintiff with necessary medical assistance or treatment and hospitalization for a physical

43. 35 U.S.C. § 102(b) (1964).

condition from which he was suffering while the plaintiff was in the custody of the Sheriff by reason of State Criminal charges filed against him in said County.

■ The Court fails to find that a claim has been stated against the defendant Ralph Haynes under these allegations upon which relief could be granted. By Oklahoma law the Sheriff of each County has the charge and custody of the jail of his County and all the prisoners in the same. 19 Oklahoma Statutes Annotated § 513; 57 Oklahoma Statutes Annotated § 47.[1] No Oklahoma law has been furnished to the Court and none has been found by the Court which places a duty upon the County Attorney to provide medical care or otherwise be responsible for persons confined in the County Jail in the custody of the County Sheriff.

■ Moreover, it is believed in view of the allegations of the Complaint as they pertain to the defendant Ralph Haynes that any and all acts by him in this matter were performed by him as a judicial officer with immunity from a suit for damages such as claimed by the plaintiff herein. Kenney v. Fox, 6 Cir., 232 F.2d 288; Cawley v. Warren, 7 Cir., 216 F.2d 74.

It is therefore ordered that the Motion to Dismiss the Amended Complaint of plaintiff filed herein by the defendant Ralph Haynes should be and the same is hereby granted and the cause of action alleged in Count I of the Amended Complaint is hereby dismissed as to the defendant Ralph Haynes.

See also D.C., 256 F.Supp. 735; D.C., 256 F.Supp. 738.

---

1. These Oklahoma Statutes read as follows:

Title 19, Oklahoma Statutes Annotated, "Section 513. Custody of jail

The sheriff shall have the charge and custody of the jail of his county, and all the prisoners in the same, and shall keep such jail himself, or by his deputy or jailer, for whose acts he and his sureties shall be liable."

Title 57, Oklahoma Statutes Annotated, "Section 47. Sheriff to have charge of the jail

The sheriff, or, in case of his death, removal or disability, the person by law appointed to supply his place, shall have charge of the county jail of his proper county, and of all persons by law confined therein, and such sheriff or other officer is hereby required to conform, in all respects, to the rules and directions of said district judge above specified, or which may, from time to time by said judge be made, and communicated to him by said commissioners."