**Stanley W. PETERSON, Plaintiff,**

v.

**Bruno W. STANCZAK, Individually and as State's Attorney of Lake County; Jack Hoogasian, Individually and as Assistant State's Attorney of Lake County; Robert Babcox, Individually and as Coroner of Lake County; Milburn Heary Krapf, Individually and as Police Officer for the Municipality of Zion, Illinois; David B. Biddle, Individually and as Police Officer for the Municipality of Zion, Illinois; Donald Nystrom, Individually and as Police Officer for the Municipality of North Chicago, Illinois; Donald Houte, Individually and as Police Officer for the Municipality of North Chicago, Illinois; Charles E. Larson, Individually and as Sheriff of Lake County, Illinois, Defendants.**

No. 68 C 1587.

United States District Court
N. D. Illinois, E. D.
March 28, 1969.

Luis Kutner and Ernest Katin, Chicago, Ill., for plaintiff.

Joseph R. Curcio, Chicago, Ill., for defendants Stanczak, Hoogasian, Babcox and Larson.

William P. Nolan, of Pretzel, Stouffer, Nolan & Rooney, Chicago, Ill., for defendants Krapf and Biddle.

Thomas J. Burke, Jr., of Lord, Bissell & Brook, Chicago, Ill., for defendants Nystrom and Houte.

## MEMORANDUM OPINION

Motions of Defendants to Dismiss

MAROVITZ, District Judge.

This is an action seeking damages resulting from a deprivation of civil rights, under 42 U.S.C. § 1983, and a conspiracy to obstruct justice and deprive plaintiff of his civil rights under 42 U.S.C. § 1985(2), (3). Plaintiff and all defendants except Donald Nystrom currently reside in Illinois. Federal jurisdiction is properly predicated on 28 U.S.C. § 1343. Defendants, in various combinations, have made a series of motions to

dismiss. Essentially, all defendants suggest that the complaint fails to state a valid cause of action. All except Houte and Nystrom assert immunity from civil rights suits. Houte and Nystrom assert the existence of a procedural defect in the complaint.

■■■ To state a viable cause of action under the civil rights act, 42 U.S.C. § 1983, plaintiff must assert that the defendants acted under color of law and that they deprived plaintiff of constitutionally protected rights, privileges, or immunities. Plaintiff has explicitly alleged the acts done were done under color of law. He has also alleged the occurrence of certain overt acts of defendants which he contends were in violation of his rights. Plaintiff alleges that he was seized in his home and arrested without a warrant, that his home and automobile were unlawfully searched, that certain property was unlawfully taken from his home, that he was improperly detained at two different police stations, that he was prohibited from consulting with an attorney or visiting with his family, that he was subjected to improper and indecent treatment designed to coerce him into confessing his guilt to a charge of murder by abortion, which crime was abolished a few years prior to his arrest and which in any event he did not commit, that an autopsy on the alleged murder victim was improperly performed, that evidence in plaintiff's favor was suppressed, and that he was coerced by various threats and promises into pleading guilty to a nonexistent crime. Plaintiff alleges that as a result of his plea he was sentenced to nine to ten years imprisonment, but was released on writ of habeas corpus after three years in jail. We recognize that since Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), the scope of wrongs for which recovery is permitted under the civil rights acts has been broadened. Courts had previously recognized that law officers who extracted confessions by violence were subject

to liability, Lewis v. Brautigam, 227 F.2d 124, 55 A.L.R.2d 505 (5th Cir. 1955); Geach v. Moynahan, 207 F.2d 714 (7th Cir. 1953). Recently, recovery has been permitted for unlawful arrest and imprisonment, unreasonable search and seizure, and denial of equal protection of the laws. Lucero v. Donovan, 354 F.2d 16 (9th Cir. 1965); Basista v. Weir, 340 F.2d 74 (3d Cir. 1965); Lee v. Hodges, 321 F.2d 480 (4th Cir. 1963); Nesmith v. Alford, 318 F.2d 110 (5th Cir. 1963), cert. denied, 375 U.S. 975, 84 S.Ct. 489, 11 L.Ed.2d 420 (1964). Consequently, the facts alleged by plaintiff are sufficient to constitute a cause of action at least under 42 U.S.C. § 1983.

■■■ Defendants Nystrom and Houte have urged that the plaintiff's allegations are insufficient to support a cause of action under 42 U.S.C. § 1985, the civil rights conspiracy statute. Defendants contend that plaintiff has merely made an unsupported allegation that defendants conspired to deprive him of his rights and that necessary highly specific factual averments are missing. However, in defendants lead case, Hoffman v. Harden, 268 F.2d 280 (9th Cir. 1959), the court held that a plaintiff pleading a conspiracy violation under § 1985 need not plead his evidence as to defendants meetings, but may allege "defendants conspired" and then enumerate overt acts in furtherance of the alleged conspiracy. Id. at 294–295. This is because while in a criminal conspiracy, the conspiracy itself is the gist of the crime, in a civil conspiracy, the damage flows from the overt acts made in furtherance of the conspiracy. Id. Defendants have also and properly contended that plaintiff must allege a purposeful intent to discriminate to assert an action under § 1985. Norton v. McShane, 5 Cir., 332 F.2d 855 (1964). Such an allegation is made in paragraph 11 of the Complaint. Even if the required allegation were omitted from the complaint, the complaint as a whole reasonably implies an intentional discriminatory enforcement

of the laws by the defendants. Huey v. Barloga, 277 F.Supp. 864, 871 (N.D.Ill. 1967).

To sum up, we believe that plaintiff has properly alleged a cause of action under 42 U.S.C. § 1983 for deprivation of his constitutional rights. Even if we found that the conspiracy allegations were insufficient, we would not dismiss this complaint because there is validity in the § 1983 claim. At the least, the allegations of conspiracy support a cause under § 1983 alleging defendants acted as joint tortfeasors in damaging plaintiff's civil rights. Hoffman v. Halden, 268 F.2d 280, 292–293 (9th Cir. 1959); Huey v. Barloga, 277 F.Supp. 864, 873 (N.D.Ill. 1967). Of course, we have found that plaintiff has adequately stated a cause of action under the conspiracy section as well.

Defendants Krapf and Biddle are alleged to have done various acts under color of law as police officers of the City of Zion, Illinois. Citing no authority for support, they contend that police officers acting in their official capacity are not amenable to suit under the civil rights acts. However, policemen acting under color of law are not immune to civil rights litigation. See, e. g., Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473 (1961); Basista v. Weir, 340 F.2d 74 (3d Cir. 1965); Hardwick v. Hurley, 289 F.2d 529 (7th Cir. 1961); Wakat v. Harlib, 253 F.2d 59 (7th Cir. 1958); Hughes v. Smith, 264 F.Supp. 767, 769 (D.N.J.1967), aff'd 389 F.2d 42 (3d Cir. 1968); McIver v. Russell, 264 F.Supp. 22, 32 (D.Md.1967); Bowens v. Knazze, 237 F.Supp. 826 (N.D. Ill.1965); Yates v. Village of Hoffman Estates, Illinois, 209 F.Supp. 757, 759 (N.D.Ill.1962).

Defendants Larson and Babcox have not asserted any special grounds for immunity other than status and that is not conclusive. Having reached the question as to whether officers and a supervising psychiatrist of a state mental institution were subject to tort liability under 42 U.S.C. § 1983, the Second Circuit in Jobson v. Henne, 355 F.2d 129, 133–134 (2d Cir. 1966), said:

"The Civil Rights Acts in general, and § 1983 in particular, are cast in terms so broad as to suggest that in suits brought under these sections common law doctrines of immunity can never be a bar. * * * It should be equally clear that both the language and the purpose of the Civil Rights Acts are inconsistent with the application of common law notions of official immunity in all suits brought under these provisions. See Norton v. McShane, 332 F.2d 855, 861 (5 Cir. 1964), cert. denied, 380 U.S. 981, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1965). In suits brought under § 1983 an indispensable element of a plaintiff's case is a showing that the defendant (or defendants) acted 'under color of any statute, ordinance, regulation, custom, or usage, of any State * * *.' 42 U.S.C. § 1983. This test can rarely be satisfied in the case of anyone other than a state official. See Collins v. Hardyman, 341 U.S. 651, 663, 71 S.Ct. 937, 95 L.Ed. 1253 (1951). To hold that all state officials in suits brought under § 1983 enjoy an immunity similar to that they might enjoy in suits brought under state law 'would practically constitute a judicial repeal of the Civil Rights Acts.' Hoffman v. Halden, 268 F.2d 280, 300 (9 Cir. 1959). Furthermore, and perhaps more basically, the purpose of § 1983 as well as the other Civil Rights provisions is to provide a federal remedy for the deprivation of federally guaranteed rights in order to enforce more perfectly federal limitations on unconstitutional state action. To hold all state officers immune from suit would very largely frustrate the salutary purpose of this provision. We conclude the defense of official immunity

**430**

should be applied sparingly in suits brought under § 1983. Cf. Robichaud v. Ronan, 251 F.2d 533 (9 Cir. 1965)." We know of no reason why a sheriff should be immune to a civil rights action by virtue of status when policemen are not so immune. Coroners are also liable to damages under the civil rights acts. See, e. g., Delatte v. Genovese, 273 F.Supp. 654 (E.D.La.1967).

Referring to Jennings v. Nester, 217 F.2d 153, 154 (7th Cir. 1955) and Cawley v. Warren, 216 F.2d 74, 76 (7th Cir. 1954), defendants Stanczak and Hoogasian also assert immunity by virtue of their respective status as State's Attorney and Assistant State's Attorney of Lake County, Illinois, at all relevant times. Without any serious analysis of the language or purpose of the civil rights act, no doubt because the facts didn't seem to warrant it, the Seventh Circuit, in *Cawley*, simply held that the defendant State's Attorney and the First Assistant State's Attorney were, at the times complained of, judicial officers of the state and, as such, immune to civil rights litigation. The *Jennings* decision, in turn, simply relied on *Cawley* stating the rule

"that state's attorneys when acting in their official capacities are protected by the same immunity in civil cases that is applicable to judges." 217 F.2d at 154.

■ Of course, even judicial immunity is not absolute. In Spires v. Bottorff, 317 F.2d 273 (7th Cir. 1963), the Seventh Circuit held that an inmate of the Indiana State Prison who alleged that a state judge wrongfully induced the inmate's warden to prevent the inmate from corresponding with the clerk of a state court with respect to his previous conviction there stated a valid cause of action against the judge under the civil rights acts. *Id.* at 275.

■ The specific question of immunity for prosecuting attorneys was discussed in Robichaud v. Ronan, 351 F.2d 533 (9th Cir. 1965), where it was argued that the County Attorney and Deputy County Attorney for Maricopa County, Arizona, were immune from liability for acts charged in the complaint because they were committed by the defendants "in the performance of their official duties." *Id.* at 534. The Ninth Circuit Court of Appeals reversed District Court's dismissal of a suit based upon 42 U.S.C. §§ 1983 and 1988 saying, *Id.* at 536–537:

"The prosecuting attorney may have numerous roles. See Barrett, Police Practices and the Law—From Arrest to Charge, 50 Calif.L.Rev. 11, 16–24 (1962). The distinction between the roles may be significantly controlling, for as our court quite recently emphasized, 'prosecutors are not immune from suit under the Act simply as a matter of status wholly without regard to the nature of their conduct.' Corsican Productions v. Pitchess, 338 F.2d 441 (9th Cir. 1964)."

"* * * when a prosecuting attorney acts in some capacity other than his quasi-judicial capacity, then the reason for his immunity—integral relationship between his acts and the judicial process—ceases to exist. If he acts in the role of a policeman, then why should he not be liable, as is the policeman, if, in so acting, he has deprived the plaintiff of rights, privileges, or immunities secured by the Federal Constitution and laws?"

Thus, the thrust of the recent and better reasoned opinions since Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473 (1961), is that judicial officers, such as prosecuting state's attorneys, are not absolutely immune from civil rights liability simply as a matter of status or position and without regard to conduct. Bauers v. Heisel, 361 F.2d 581, 590–591 (3d Cir. 1966), cert. denied, 386 U.S. 1021, 87 S.Ct. 1367, 18 L.Ed.2d 457 (1967); Robichaud v. Ronan, 351 F.2d 533 (9th Cir. 1965); Corsican Productions v. Pitchess, 338 F.2d 441 (9th Cir. 1964);

Spires v. Bottorff, 317 F.2d 273 (7th Cir. 1963).

The real question then becomes whether or not the defendant prosecuting attorneys committed acts outside of their judicial or quasi-judicial capacities and behaved instead like investigators or policemen. Bauers v. Heisel, 361 F.2d 581, 591 (3d Cir. 1966), cert. denied 386 U.S. 1021, 87 S.Ct. 1367 (1967); Friedman v. Younger, 282 F.Supp. 710, 715 (C.D.Cal.1968). In his complaint, plaintiff specifically alleges that defendant Hoogasian, as Assistant State's Attorney of Lake County, encouraged the mistreatment of plaintiff in order to induce a confession. Further, it is alleged that Hoogasian and Stanczak, as State's Attorney of Lake County, coerced a plea of guilty from and suppressed evidence favorable to plaintiff. In a somewhat similar case, Lewis v. Brautigam, 227 F.2d 124, 55 A.L.R.2d 505 (5th Cir. 1955), the Fifth Circuit held that while a prosecuting attorney as a quasi-judicial officer was ordinarily immune from civil rights liability, a state's attorney who acted in an investigative role and attempted by threats, intimidation, and promises of reward to force an accused to plead guilty of the crime charged was not sheltered from suit by his title alone.

> "If the State's Attorney ordered and directed the officers to force the plaintiff to plead guilty, then certainly he is no less liable than are those who carried out his instructions. It would be wrong to hold the officers liable but the State's Attorney exempt. On motion to dismiss, it cannot be held that such acts were either within the scope of his jurisdiction as State's Attorney, or were authorized by law." 227 F.2d at 129.

Ten years ago and with regard to a considerably weaker factual situation, the Seventh Circuit rejected the *Lewis* rationale saying that no other court had followed that rule. Stift v. Lynch, 267 F.2d 237, 239 (7th Cir. 1959). Since that decision, of course, the *Lewis* rule

has been invoked, Robichaud v. Ronan, 351 F.2d 533 (9th Cir. 1965), and the doctrine of immunity to civil rights litigation has been devalued.

Moreover, while *Cawley* and *Jennings* and a number of other Seventh Circuit cases have held that a prosecuting attorney acting in his official capacity was immune from civil rights litigation, the factual circumstances in those cases were quite unlike that alleged in the instant case. In each of these cases, the acts which were alleged to have been wrongful were apparently committed in a judicial or quasi-judicial capacity; that is, as an integral part of the judicial process. Cf. Robichaud v. Ronan, 351 F.2d 533, 536 (9th Cir. 1965). For instance, in *Jennings*, while it is not clear with what the state's attorneys were charged, it appears to be the use of improperly obtained evidence in a criminal trial against the plaintiff. While the court dismissed the case as to the state's attorneys on immunity grounds, it later noted that the plaintiff was afforded a new trial at which time the questioned evidence was not used. Therefore, he had been accorded due process under the Fourteenth Amendment and the purpose of the civil rights acts, which is to protect individual rights, had been achieved. 217 F.2d at 155. In *Cawley*, the state's attorney was accused of having procured grand jury indictments against plaintiff without the presentation of any competent evidence and knowing plaintiff's innocence. As far as can be determined, there were no allegations of threats or of coercion to plead guilty or that any acts which were investigative as opposed to quasi-judicial. Further, while the plaintiff in that case was incarcerated and compelled to give bail, the local state court dismissed the indictments against her. 216 F.2d at 75. She cannot be said to have been deprived of her rights to the extent that the instant plaintiff allegedly has been.

Other recent Seventh Circuit cases which assert the immunity of prosecut-

ing attorneys can be similarly distinguished. In Kalec v. Adamowski, 406 F.2d 536 (7th Cir. 1969), an inmate at the Illinois State Penitentiary complained that his incarceration was the product of an illegal conspiracy between a state's attorney, a state judge, and a witness which resulted in the presentation of perjured testimony at petitioner's trial. The Seventh Circuit held that the complaint was incoherent and did not state a cause of action under 42 U.S.C. § 1983. Although this was sufficient ground for dismissal, the court added that the state's attorney, as well as the state judge, was entitled to immunity arising out of judicial or quasi-judicial acts. Similarly, in Phillips v. Nash, 311 F.2d 513 (7th Cir. 1963), where a state's attorney was sued for his alleged failure to afford plaintiff a speedy trial of pending criminal charges and in Smith v. Dougherty, 286 F.2d 777 (7th Cir. 1961), where a state's attorney and two assistants were charged with violating plaintiff's rights by virtue of their participation in an allegedly unconstitutional extradition of plaintiff to the State of Michigan so that the plaintiff could stand trial on a charge of robbery, the defendant state's attorneys were acting in exercise of their judicial functions. Then, too, in Byrne v. Kysar, 347 F.2d 734 (7th Cir. 1965), an assistant state's attorney signed a petition initiating judicial inquiry into plaintiff's mental condition which resulted in plaintiff's confinement in a mental hospital, but he was immune from suit primarily because said act was not under color of law, but as a private citizen. *Id.* at 736.

■ In sum, there is no doctrine of absolute immunity for prosecuting attorneys and the factual backgrounds of recent Seventh Circuit cases including those on which defendants rely are readily distinguishable from that which is before us in that they appear to have involved quasi-judicial, not investigative, behavior. At this stage of the proceedings, without having heard defendants'

answers, it would be improper to dismiss this complaint simply because of defendants' status. Rather,

"(t)he trial court must determine the nature of the acts alleged to have been wrongfully committed, for the appellees may have abandoned their 'quasi-judicial' role. If they, so doing, committed acts, or authoritatively directed the commission of acts, which ordinarily are related to police activity as opposed to judicial activity, then the cloak of immunity should not protect them. (Citations omitted)."

Robichaud v. Ronan, 351 F.2d 533, 538 (9th Cir. 1965).

■ Defendants' final meaningful challenge to this action is a procedural one. Defendants Nystrom and Houte contend that plaintiff fails to separately state each cause of action in violation of Rule 10(b), Fed.R.Civ.P., and improperly pleads separate claims alternatively in a single paragraph. Initially, we note that even if true, a pleading deficiency of this kind will not subject the complaint to dismissal, but only compel amendment under Rule 15, Fed.R.Civ.P., 1A Barron & Holtzoff, Federal Practice and Procedure § 324, at 248 (1960).

Rule 10(b) of the Federal Rules of Civil Procedure reads as follows:

"(b) Paragraphs; Separate Statements. All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth."

While the Rule is frequently invoked to clarify the suit, separate statements are

not mandatory unless claims are founded on separate transactions and occurrences and a separation will clarify matters set forth. Barron & Holtzoff, supra, at 247. In this action, the § 1983 cause and the § 1985 claim(s) arise out of the same series of acts, not out of separate, independent sets of circumstances. None of the defendants besides Nystrom and Houte seem concerned over the alternative pleading of plaintiff, and even these two defendants do not claim that they cannot responsibly affirm or deny the specific factual averments contained within the complaint. Further, we do not understand how an amendment to the complaint would facilitate a sufficiently clear presentation of the issues to justify a delay in the proceedings.

The motions to dismiss are denied.