### HOLLAND *v.* MAYOR, ETC., OF THE CITY OF NEW YORK.

(*Common Pleas of New York City and County, General Term.* April 7, 1890.)

NEGLIGENCE—PERSONAL INJURY—CITY DOCK.

Plaintiff sued defendant city for personal injuries sustained from stepping off the side of a gang-plank extending from the foot of a stairway at the end of defendant's dock, which gang-plank was used by her in disembarking from a boat There was no proof that the boat or the gang-plank was the property of defendant, or that either was managed or operated by its servants; nor did it appear that the dock was defective, or its condition dangerous. *Held*, that the complaint was properly dismissed.

Appeal from trial term.

Action by Alice Holland against the mayor, aldermen, and commonalty of the city of New York, for personal injuries alleged to have been sustained through the negligence of its fellow-servants. From a judgment dismissing her complaint, plaintiff appeals.

Argued before DALY and BISCHOFF, JJ.

*James Henderson*, (*Samuel H. Randall*, of counsel,) for appellant. *W. H. Clark*, (*Sidney J. Cowan*, of counsel,) for respondent.

BISCHOFF, J. On December 12, 1887, about 9:30 P. M., the plaintiff, returning from a visit to the House of Refuge, on Randall's island, in the East river, was conveyed by boat from thence to the defendant's dock at the foot of East One Hundred and Twentieth Street, in the city of New York. The transfer of passengers from the boat to the dock was effected by means of an adjustable gang-plank of about two and one-half feet in width, resting at one end upon the boat and at the other on an open stairway in the end of the dock; the stairway being about eight feet wide by six feet in depth. In attempting to reach the dock by means of the gang-plank, the plaintiff stepped off the plank to the side thereof, and, falling through an opening left uncovered by the gang-plank, sustained severe injuries. On the trial the dock was shown to be public, owned and controlled by defendant, and that the open stairway therein had been constructed by the managers of the House of Refuge, with the permission of the defendant, to facilitate the landing of passengers; that the gang-plank used in the transfer of passengers, and by means of which plaintiff attempted to reach the dock, was not provided with guards; and that, in the use of the gang-plank in the manner described, a portion of the stairway was necessarily left uncovered. It was also shown that the dock was not sufficiently lighted near the open stairway. There was, however, no proof that the boat or gang-plank was the property of the defendant, or that either was

managed or operated by the defendant's servants. It did not appear that the dock was in need of repair, or that its construction was defective, or its conditions dangerous. The open stairway was necessary in the landing of passengers, and its maintenance was not a nuisance. The plaintiff was not injured while on the dock, but in an attempt to reach it; and the means furnished her for access to the dock were not shown to have been furnished by defendant, or in any way under the control or management of its servants. There is nothing in the proof adduced on behalf of the plaintiff from which the law could imply a duty on the part of the defendant to furnish the plaintiff with safe and proper means of access to the dock from the boat which conveyed her thither. There is, then, an utter absence of proof of any fact upon which the negligence of the defendant's servants at the time of the accident to the plaintiff could be predicated, and no error was committed by the trial judge in directing a dismissal of the complaint. Judgment affirmed, with costs.