**CREEDON v. BOWMAN.**

Civ. A. No. 6765.

District Court, W. D. Pennsylvania.

Jan. 6, 1948.

David R. Levin, of Pittsburgh, Pa., for plaintiff.

J. Frank McAllister, of Pittsburgh, Pa., for defendant.

266

GOURLEY, District Judge.

This cause came before the Court for consideration on motion of the defendant for summary judgment on the pleadings. The action is one for injunctive relief brought by the Housing Expediter of the United States, and is based on certain alleged violations of the defendant in her failure to comply with orders of the Area Rent Director which related to real estate interests of which the defendant was the landlord of housing accommodations within the Pittsburgh Defense Rental Area. On December 8, 1947, the motion for judgment on the pleadings was denied, and the defendant was directed to file an answer to the complaint within twenty days from the date of said order.

The principles of law which had application to the questions raised appeared so settled that it did not seem necessary to file a written opinion at the time the motion for judgment on the pleadings was refused. It has come to the attention of the Court that the defendant on the 29th day of December, 1947 filed an appeal with the Circuit Court of Appeals for the Third Circuit from the order denying the motion for judgment on the pleadings. The Court believes that it is proper and would be material to a proper adjudication of the questions which exist for this Court to now file a written opinion in which the reasons for the order entered are set forth.

In accordance with the provisions of Rule 75 (h), of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and in order to assist the appellate court in the adjudication of the questions which have been raised, this opinion is, therefore, filed.

The Housing Expediter bases the claim for injunctive relief under the provisions of the Emergency Price Control Act of 1942, its supplements and amendments, Act of Jan. 30, 1942, c. 26, Title 1, § 1, 56 Stat. 23, as amended October 2, 1942, c. 578, § 7 (a), 56 Stat. 767, June 30, 1944, c. 325, Title 1, § 101, 58 Stat. 632, Act of July 25, 1946, c. 671, § 12 and 13, 60 Stat. 676 and 677, 50 U.S.C.A.Appendix, § 901 et seq.; and the Housing and Rent Act of 1947, Public Law No. 129, 80th Congress, 50 U.S. C.A.Appendix, § 1881 et seq., together with the Housing Rent Regulations issued thereunder. 12 F.R. 4331.

It is contended, inter alia, by the Housing Expediter :—

(a) That during the period of the Rent Control Act which became effective on July 25, 1946, the defendant demanded and received rent for the use and occupancy of the premises in excess of the amount for which an order had been made by the Area Rent Director fixing the rent at an amount less than that charged by the defendant.

(b) That during the period of the Housing and Rent Act of 1947 the defendant demanded and received rent for the use and occupancy of the premises in excess of the amount for which an order had been made by the Area Rent Director fixing the rent at an amount less than that charged by the defendant.

The Housing Expediter contends that if it is established that the defendant has failed and neglected to comply with the provisions of either the Acts of 1946 or 1947, injunctive relief should be granted and the defendant should be ordered and directed to refund to the tenants, in connection with whom overcharges were made, the amount thereof.

The defendant's motion for judgment on the pleadings sets forth, inter alia, that the pleading of the Housing Expediter fails to set forth a claim upon which relief can be granted, more particularly—

(a) That the Emergency Price Control Act of 1942, and its amendment of July 25, 1946, violates the Fifth Amendment of the Constitution;

(b) That the District Court has no jurisdiction under the provisions of the Housing Rent Act of 1947; and

(c) That the Housing Expediter has violated the provisions of the Fifth Amendment of the Constitution in that the defendant has been deprived of property without due process of law.

The defendant moved for judgment on the pleadings without filing an answer. Under the provisions of Rule 7 (a) of the Federal Rules of Civil Procedure, the pleadings are not closed until at least an answer has been filed. Moore's Federal Practice 1938, Section 12.05 Supplement, p.

278; Edelman v. Locker, D.C., 6 F.R.D. 272.

■ Since no answer has been filed, the motion filed by the defendant could be considered either as a motion for summary judgment or to dismiss the complaint. In either instance all facts well pleaded in the complaint must be presumed to be true. Williams v. Walnut Park Plaza, Inc., D.C., 68 F.Supp. 957.

The complaint must be viewed in a light most favorable to the plaintiff, and truth of facts well pleaded including facts alleged on information or belief are admitted. Federal Rules of Civil Procedure, Rules 8 (f), 11, 12 (b), 28 U.S.C.A. following Section 723c.

■ The complaint should not be dismissed unless it appears certain that the plaintiff is not entitled to relief under any state of facts which could be proved in support thereof. This is true no matter how likely it may seem that the pleader will be unable to prove his case; he is entitled, upon averring a claim, to an opportunity to try and prove it. Continental Colliers, Inc., v. Shober, Jr., 3 Cir., 130 F.2d 631, 635; Carroll et al. v. Morrison Hotel Corp. et al., 7 Cir., 149 F.2d 404.

■ The Emergency Price Control Extension Act of 1946, 50 U.S.C.A.Appendix, § 901 et seq., does not violate the provisions of the Fifth Amendment of the Constitution. Porter v. Shibe et al., 10 Cir., 158 F. 2d 68.

■ There is only one reported case that I have been able to find in which the constitutionality of the Housing and Rent Act of 1947 has been considered. The United States District Court for the Northern District of Ohio in the case of Creedon v. Cloyd W. Miller Co. declared said Act unconstitutional. 74 F.Supp. 546. It is my understanding that the Housing Expediter has been granted leave to appeal direct to the Supreme Court of the United States, and that the constitutionality of said Act is, therefore, pending before that tribunal.[1]

In this connection, I cannot agree with the ruling made by said District Court

since an emergency, without question, exists both as to our economic security and as to the preservation of peace. Due to the circumstances which exist in passing upon the motion made by the defendant, I do not believe any useful purpose would be gained in setting forth the reasons in detail for the opinion which I have expressed that the Housing and Rent Act of 1947 is constitutional.

Counsel for the defendant at the time of oral argument stated, inter alia, that this Court should declare the actions of the Rent Director to be irregular and a denial of the protection of the Fifth Amendment of the Constitution.

■ An individual is not to be denied the right to question the constitutionality of any provisions of the Emergency Price Control Act, its supplements and amendments. Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834.

■ However, questions are raised as to the validity of a regulation or the power of the administrator to promulgate a regulation. Such questions can only be considered in a proceeding initiated in the Emergency Court of Appeals. Anchor Liquor Co. v. United States, 10 Cir., 158 F.2d 221; M. Kraus & Bros., Inc., v. United States, 327 U.S. 614, 622, 66 S.Ct. 705, 90 L.Ed. 894; Case v. Bowles, 327 U.S. 92, 93, 98, 66 S.Ct. 438, 90 L.Ed. 552; Lockerty et al. v. Phillips, 319 U.S. 182, 189, 63 S.Ct. 1019, 87 L. Ed. 1339.

For reasons heretofore given, I believe that the Emergency Price Control Act, its supplements and amendments, the Act of July 25, 1946, and the Housing and Rent Act of 1947 are all constitutional.

■ If the Housing Expediter is able to establish, in whole or in part, the facts as set forth in the complaint, he may be entitled to injunctive relief. In addition thereto, the District Court would have power to order restitution of rents collected by the defendant in excess of the maximum fixed by the Area Rent Director. Porter, Price Administrator, v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332.

---

[1] See Woods v. Cloyd W. Miller Co., 68 S.Ct. 452.

█ The Housing Expediter has based his claim for injunctive relief in part, as to restitution of rents by the defendant to his tenants, on the basis of a retroactive order. Such an order has been held invalid. Markbreiter et al. v. Woods, Acting Housing Expediter, Em.App., 163 F.2d 993.

However, there are other allegations in the complaint which, if proved, would entitle the Housing Expediter to injunctive relief. Therefore, I believe that the motion to dismiss the complaint should be denied.