Max LIEB, Sr., and William Pete,
Appellants.

v.

INTERIOR ENTERPRISES, INC., an Alaska
Corporation, Appellee.

No. 411.

Supreme Court of Alaska.

Aug. 27, 1964.

Warren A. Taylor, Taylor & Bullerwell, Millard F. Ingraham, Fairbanks, for appellants.

Charles J. Clasby, Collins & Clasby, Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

AREND, Justice.

These proceedings were instituted on June 9, 1958, to recover damages for the alleged wrongful death of Max Lieb, Jr., and George Pete, age sixteen years and twenty-four years respectively. The young men were killed on June 29, 1956, while riding in an aircraft owned and operated by the defendant, Interior Enterprises, Inc. The plaintiffs are the fathers of the decedents and are suing in a representative capacity, each as administrator of his son's estate.[1]

Immediately following the accident, the defendant furnished a written report to the United States Department of Labor, stating that the decedents were hourly base-pay employees of the defendant, which, it appears, was at the time furnishing air transportation service to a contractor performing work for the United States in the then Territory of Alaska; that they were passengers in the plane when it crashed; but that they were not injured in their regular occupation, which was that of "part time

1. Although each administrator commenced suit by filing his own separate complaint, the two cases were later consolidated by order of the court on its own motion as permitted by Civil Rule 42(a).

freight handler" as to Max Lieb, Jr., and "general helper" as to George Pete.

On July 3, 1957, the Deputy Commissioner of the Bureau of Employees' Compensation, United States Department of Labor, found that the decedents were employees of the defendant, in the Territory of Alaska,[2] and that their deaths arose out of and in the course of their employment, making the employer liable for compensation "under the provisions of the Longshoremen's and Harbor Workers' Compensation Act as extended by the Act of August 16, 1941, as amended (42 USC 1651) to employees of contractors with the United States and others employed outside the United States." Upon his determination that no claim for compensation for the death of the employees had been filed within the allowable period of one year and having no knowledge of his own as to any persons entitled to such compensation, the Deputy Commissioner ordered the defendant and its insurance carrier to forthwith pay $1,000 in the case of each decedent to the Treasurer of the United States for deposit to the account of the special fund established under the act. Neither the plaintiffs nor any other persons related to the decedents appear to have been present or represented in the proceedings before the Deputy Commissioner.

Paragraph III of each of the original complaints contains the following allegation:

"That on the 29th day of June, 1956, Plaintiffs decedent was riding as a passenger in a plane maintained, repaired and operated by Defendant and while said plane was in flight between Bethel, Alaska and Kipnuk Village, Alaska, said plane was caused to fall and crash to the ground, as a result of which Plaintiffs decedent came to his death."

2. Statehood did not come to Alaska until January 3, 1959.

3. The pretrial order was signed by Judge Rabinowitz, who disqualified himself,

On July 30, 1958, the defendant moved against each complaint for an order dismissing the action "for failure to state a claim for which relief can be granted" or, in the alternative, requiring the plaintiff to make paragraph III of the complaint "more definite and certain by alleging whether plaintiff was on said aircraft as an employee of defendant, guest of defendant, employee of defendant's charterer or other basis," and striking certain other portions of the complaint. The trial court did not rule on this motion until October 24, 1962, more than four years after the motions were filed.

In the meantime the two cases were consolidated for a pretrial conference which was held on May 28, 1962, before Judge Rabinowitz, who ordered, among other things, as follows:

"(d) The pending motions of the defendant in both consolidated causes are noticed for June 6, 1962. * * *

"(e) Plaintiff has within fifteen (15) days of the determination of defendant's aforesaid motions to file an Amended Complaint.

"(f) Defendant has thirty (30) days after service of the Amended Complaint within which to move against the same and/or serve and file its Answer to the same.

\* \* \* \* \* \*

"(i) A full pre-trial conference is set for October 26, 1962. * * *"[3]

The pending motions appeared on the motion calendar of July 25, 1962, at which time the trial court took under advisement the motion to dismiss and stated that it "could have possibly, an influence on the Motion to Make More Definite." On September 24, 1962, the plaintiffs amended the complaint by changing paragraph III to read:

"That on the 29th day of June, 1956, Plaintiff's decedent was riding *as a*

however, from hearing any matter pertaining to the merits of the consolidated causes.

*ground employee* in a plane owned, maintained, repaired and operated by defendant *between Bethel, Alaska and Kipnuk Village, Alaska for the purpose of unloading freight from said plane at 'Kipnuk Village,* and while said plane was on such flight between said places, said plane was caused to fall and crash to the ground, and as a result of which Plaintiff's decedent came to his death. [Italics supplied to indicate the pertinent changes made in paragraph III through amendment.]"

On October 16, 1962, the defendant moved to dismiss the plaintiffs' complaint as thus amended for failure to state a claim for which relief could be granted. The motion was heard and granted on October 24 for lack of opposition, the court stating, however, that "it will be up to that office [meaning the law firm representing the plaintiffs] to take some position for reinstatement."

It should be noted at this juncture that the full pretrial conference called for by the pretrial order of May 29, supra, was never held, although both parties appeared for the conference at the time set.

On November 2, 1962, the plaintiffs moved to reinstate their cause of action. At the hearing on the motion on November 14, they represented to the court that they were all prepared to serve and file a second amended complaint just when the first amended complaint was dismissed, and that the complaint as amended, they anticipated, would clarify the issues raised by the defendant's motion to dismiss. Without ruling on the motion before him, the trial judge allowed the second amended complaint to be served and lodged then and there and indicated that he would reinstate the cases "as a matter of simple justice" if the plaintiffs could successfully defend against the defendant's motion to dismiss.

The second amended complaint again changed paragraph III, this time to read:

"That on the 29th day of June, 1956, plaintiff's decedent was riding in a plane owned by defendant, at the request of defendant to the village of Kipnuk, Alaska, where he was to be employed in unloading cargo from said plane. Plaintiff's decedent was not paid until arrival at Kipnuk and therefore was not an employee while enroute from Bethel to Kipnuk. While said plane was on such flight between said places, said plane was caused to fall and crash to the ground, and as a result of which, plaintiff's decedent came to his death."

On November 16 the defendant filed a written statement against the "proposed" second amended complaint, alleging that it "sets a factual context of an employee riding to work in a conveyance supplied by employer without travel time wage." The furnishing of the transportation to the employees in the instant case to the place where they were to work at unloading cargo, defendant argued, merely expanded the range of employment and did not so vary the cause of action of the plaintiffs as to exclude them from recovery against the employer under the applicable workmen's compensation acts.[4] In short, the defendant was saying that the injury to the plaintiffs arose out of and in the course of their employment and therefore the cause of action for their deaths sounded under workmen's compensation law and not under the common law for wrongful death.

This written statement of the defendant evidently prompted the plaintiffs to amend their complaint once more, for on December 8, 1962, they each served on the defendant and presented to the clerk of court a "Third Amended Complaint," which bears the

---

4. The defendant was of the opinion that whether or not the plaintiffs were paid for their time spent in travel status was immaterial and stated: "The theory appears to be that by providing transportation in its own conveyances the employer has expanded the range of employment, and that the conveyance is in a sense an ambulatory portion of the employer's premises." [Citing 1 Larson, Workmen's Compensation, §§ 15.14, 17.-00, 17.10.]

clerk's notation "Lodged in the Superior Court, State of Alaska, Fourth District Dec 8-1962." The third amended complaint alleged that the decedent "at the request and invitation of the pilot of a plane owned and operated by defendant, was a guest passenger on a flight from Bethel, Alaska to Kipnuk, Alaska." The record does not indicate that the defendant ever responded to the third amended complaint and the memorandum brief served and filed in connection therewith.[5]

On January 14, 1963, the trial court made and entered the following "Final Order of Dismissal":

"This matter having been heretofore dismissed and the plaintiff having requested and been granted an opportunity to file further memorandum of authority and lodge further amended pleadings which have been respectively filed and lodged and considered, and the Court being now further advised in the premises, does here enter its Order that:

"The Order heretofore entered dismissing the companion cases * * * is reaffirmed and the motions to reinstate are denied, both procedurally and on the merits."

On June 20, 1963, the plaintiffs filed a motion to vacate and set aside the final order of dismissal. The motion was heard on July 10 and after argument by counsel, the trial judge stated from the bench:

"I believe, technically, there is every justification for a Court who endeavors to maintain a Calendar to dismiss these cases on a default basis alone. However, rather than reading the small print, exclusively, I looked into the merits to see whether there was a justification of changing about and allowing

this matter to be tried. I even considered the matter of setting up a temporary—ordering a part of a hearing to determine this matter of course of employment. I don't know just how to characterize the pleadings that have been filed. Now in the Amendment to Plaintiff's Complaint which was filed September 24th, 1962, it is the statement here in paragraph—marked number 3, '* * * Plaintiff's decedent was riding as a ground employee in a plane owned, maintained, repaired and operated by defendant between Bethel, Alaska and Kipnuk Village * * *'. Now pleadings are admissions, and the mere fact of amending a pleading doesn't strike from a pleading the character of having been an admission. That fact alone. Now, that may be technical, so I glossed over that. I went to the Findings of the Industrial Compensation Board and found that they did take—the Federal—did take jurisdiction and they did recognize an employment here and ordered a thousand dollars paid because there weren't any dependents and they didn't have any regular rule. In my entire study of this matter I found no basis to upset the rulings that have heretofore been made in this matter. It's been reopened, it's been reopened several times on a default basis alone; they've had every opportunity to file an Answer, these were not forthcoming, so the cases remain and stay dismissed as in accordance with the last Order of the Court entered in connection therewith."

We have quoted at length and carefully examined the foregoing remarks of the trial judge, thinking that in them we might be able to discover the grounds upon which he dismissed the plaintiffs' causes of action

5. Along with their third amended complaint the plaintiffs served and *filed* a memorandum brief in which they contended that the decedents were not employed by any employing entity at the time of their deaths; that, as alleged in the complaints, the plane "was operated in violation of C.A.A. regulations"; that the doctrine of res ipsa loquitur applied to the facts of the case and that the original complaint and the amended complaint were brought under the Alaska Wrongful Death Act as amended by chapter 153, S.L.A.1955.

and later refused to reinstate them. While counsel for the defendant seems to have no difficulty in viewing the trial judge's remarks and ruling as being based upon his determination that under the facts and circumstances of this case the plaintiffs' sole remedy was under the federal Defense Base Act[6] or the Alaska Workmen's Compensation Act[7] which barred him from any recovery under the Wrongful Death Act, we find no such easy solution to the question presented.

■ The allegations contained in the amended complaint filed on September 24, 1962, and the second amended complaint, supra, are not so clear and unequivocal as to show that this case should have been brought under the workmen's compensation statute, state or federal, rather than under the wrongful death statute. Furthermore, the trial court permitted the third amended complaint to be lodged and in its final order of dismissal and denial of reinstatement says that it "considered" the amended pleading so lodged. That pleading specifically states that the actions were brought under the wrongful death statute and that the decedents were *guest passengers* on the defendant's airplane. The defendant never filed an answer to the third amended complaint nor did it ever produce any evidence, affidavits or depositions in opposition to the allegations of that pleading.

In short, it does not appear to a certainty that the plaintiff was entitled to no relief under any state of facts which could be proved in support of his claim, and therefore it was error for the court to dismiss the action on the basis of failure to state a claim under which relief can be granted.[8] The final order of dismissal and refusal to reinstate is reversed and set aside and the two causes are remanded to the superior court with directions to proceed in conformity with this opinion.

6. 42 U.S.C.A. §§ 1651–1654 (1957).

7. AS 23.30.005 through 23.30.270 (S.L.A. 1959, ch. 193 as amended by S.L.A. 1962, chs. 1, 9, 42 and 148).

8. See 2 Moore, Federal Practice § 12.08, at 2245 (2d ed. 1964), and the cases there cited.