**CORSICAN PRODUCTIONS, a partnership, et al., Appellants,**

v.

**Peter PITCHESS, individually and as Sheriff of the County of Los Angeles, State of California, et al., Appellees.**

**No. 19063.**

United States Court of Appeals
Ninth Circuit.

Nov. 17, 1964.

Stanley Fleishman, Hollywood, Cal., for appellants.

Harold W. Kennedy, County Counsel, John J. Collins, Deputy County Counsel, Los Angeles, Cal., for appellees.

Before BARNES and BROWNING, Circuit Judges, and FRED M. TAYLOR, District Judge.

BROWNING, Circuit Judge:

Appellants' complaint under the Civil Rights Act, 42 U.S.C.A. § 1983, 28 U.S. C.A. § 1343(3), was dismissed with prejudice on the ground that it did not state a claim upon which relief could be granted.

The complaint alleged that appellants produced a motion picture film titled "Bachelor Tom Peeping," which was not obscene; that various motion picture exhibitors wished to exhibit the film in the County of Los Angeles; that the sheriff, deputy sheriff, and district attorney of that county (the appellees), deliberately intending to suppress the exhibition of the film because they deemed it objectionable, threatened to prosecute exhibitors of the film under penal statutes prohibiting exhibition of obscene motion pictures; that solely because of appellees' conduct exhibitors declined to exhibit the film; and that its exhibition in the County of Los Angeles was, and would continue to be, prevented. Appellants prayed for a declaration that the film was not obscene, for an order restraining appellees from interfering with exhibition of the film, and for damages.

"[T]he accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" (Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)) "* * * precludes dismissal for insufficiency of the complaint except in the extraordinary case where the pleader makes allegations which show on the face of the complaint some insuperable bar to re-

lief." Wright, Federal Courts 250 (1963).

The district court thought such an insuperable bar was posed by the rule of Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943), that federal courts will enjoin threatened state criminal prosecution "only on a showing of danger of irreparable injury 'both great and immediate'", and that such a showing is not made out where "it does not appear from the record that petitioners have been threatened with any injury other than that incidental to every criminal proceeding brought lawfully and in good faith * * *." (id. at 164, 63 S.Ct. at 881).

Appellants dispute the applicability of Douglas v. City of Jeannette on several grounds:

(1) Unlike the complaint in Douglas v. City of Jeannette, the present complaint alleges that appellees, acting under color of state law, "deliberately set about to achieve the suppression of publications deemed 'objectionable' and succeeded in [their] aim;" and such "informal censorship may sufficiently inhibit the circulation of publications to warrant injunctive relief," though the means used are "threats of prosecution." Bantam Books, Inc. v. Sullivan, 372 U.S. 58, 67, and n. 8, 83 S.Ct. 631, 638, 9 L.Ed.2d 584.

(2) In Douglas v. City of Jeannette, plaintiffs themselves were threatened with prosecution, and there was nothing to indicate that their constitutional claims could not be fully determined in the state criminal proceeding. 319 U.S. at 164, 63 S.Ct. 877. In the present case, appellees' threats are directed solely against potential exhibitors of the film; appellants themselves are not threatened with a criminal prosecution in which they might challenge appellees' determination that their film is obscene and obtain a judicial determination by the state court, ultimately reviewable in the Supreme Court of the United States, of the constitutionality of appellees' interference with the film's exhibi-

tion. Cf. Moss v. Hornig, 314 F.2d 89 (2d Cir. 1963).

(3) In Douglas v. City of Jeannette, plaintiffs sought to enjoin the prosecution. In the present case, appellants do not seek to enjoin prosecutions, but only threats of prosecution which have resulted in suppression of appellants' film with no opportunity to obtain a judicial test of the constitutional issues.

(4) The complaint in Douglas v. City of Jeannette sought only injunctive relief, and was dismissed solely for "want of equity." 319 U.S. at 166, 63 S.Ct. 877. In the present case, appellants seek not only equitable relief but also substantial damages.

▆▆ Appellants' arguments demonstrate that the bar of Douglas v. City of Jeannette may not prove "insuperable." No more need be decided. It would be inappropriate to attempt finally to determine whether appellants would be entitled to relief upon a supposed state of facts encompassed within the broad boundaries of their pleading. To do so, as Judge Brown has pointed out, would involve "elucidating legal responsibilities as to facts which may never be." Shull v. Pilot Life Ins. Co., 313 F.2d 445, 447 (5th Cir. 1963). An advisory opinion as to a necessarily hypothetical case is particularly undesirable where, as here, the applicable legal principles are in a formative and uncertain state. "[A] case of this importance, in a field where the law remains unsettled, ought not to be disposed of upon a mere motion to dismiss without opportunity to develop what the precise facts are." Builders Corp. of America v. United States, 259 F.2d 766, 773 (9th Cir. 1958) (Judge Pope, concurring). See also Marshall v. Sawyer, 301 F.2d 639, 647 (9th Cir. 1962), and cases cited; Arfons v. E. I. du Pont de Nemours & Co., 261 F.2d 434 (2d Cir. 1958); Fair v. United States, 234 F.2d 288, 296 (5th Cir. 1956).

▆▆ The county attorney suggests that he was entitled to dismissal under the rule that prosecuting officers are im-

mune from suit under the Civil Rights Act for conduct in the performance of their quasi-official duties. See e. g., Agnew v. Moody, 330 F.2d 868, 869 (9th Cir. 1964), and cases cited. However, prosecutors are not immune from suit under the Act simply as a matter of status wholly without regard to the nature of their conduct. See, e. g., Lewis v. Brautigam, 227 F.2d 124, 128–129, 55 A.L.R.2d 505 (5th Cir. 1955). The county attorney did not submit the present contention to the district court. If he had, and if the district court had held the allegations of the complaint insufficient under the immunity rule, appellants would have been entitled to an opportunity to amend, no responsive pleading having been filed. In these circumstances, we will not consider the adequacy either of the allegations as they now read or as they might be supplemented by amendment. Breier v. Northern California Bowling Proprietors' Ass'n, 316 F.2d 787, 790 (9th Cir. 1963).

Reversed.