**Walter KAMSTRA and Cora A. Kamstra, Appellants,**

**v.**

**Edgar Max BOLLES, Appellee.**

**No. 827.**

Supreme Court of Alaska.

Dec. 5, 1967.

---

**540**

Robert M. Libbey, of Kay, Miller, Jacobs & Libbey, Anchorage, for appellants.

T. Stanton Wilson, of Wilson, Wilson & Colver, Anchorage, for appellee.

## OPINION

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

DIMOND, Justice.

In a personal injury action involving a motor vehicle accident the appellant, Cora Kamstra, was the plaintiff in the court below, and Ila Mae Bolles, wife of appellee, Edgar Max Bolles, was the defendant. In that action appellee was not named as a defendant. However, he intervened in the action as next friend and in behalf of his infant daughter, Linda Bolles, in a claim against Cora Kamstra.

A counterclaim against plaintiff, Cora Kamstra, was filed by defendant, Ila Mae Bolles. During the course of the trial appellee entered into a stipulation with Cora Kamstra, her husband Walter Kamstra, and appellee's wife Ila Mae Bolles. The stipulation recited that appellee and Walter Kamstra were entering their appearances in the action, and then went on to provide as follows:

1. That Edgar Max Bolles was the owner of the vehicle driven by Ila Mae Bolles at the time of the accident and damages were inflicted thereon.

2. That Walter Kamstra was the owner of the vehicle driven by Cora Kamstra at the time of the accident and damage was inflicted thereon.

3. That all parties agree that rights of the said Walter Kamstra and Edgar Max Bolles with respect to injury to said vehicles may be finally determined in this action both as to liability and amount, and that any amount which may be adjudged to be due to Walter Kamstra shall be included in any judgment rendered in favor of Cora Kamstra and that any amount which may be adjudged due to Edgar Max Bolles shall be included in any judgment in favor of Ila Mae Bolles.

The jury was instructed that if they should find for the plaintiff, Cora Kamstra, they should award compensation for the damage to the car owned by Walter Kamstra.

The jury returned a verdict in Cora Kamstra's favor for $8,000 compensatory damages. The jury also returned a verdict against defendant, Ila Mae Bolles, on her counterclaim against plaintiff, Cora Kamstra, and a verdict against appellee as to his claim on behalf of his infant daughter.

Appellants then commenced this action seeking judgment against appellee for $8,000 as a result of Cora Kamstra's recovery of a judgment in that amount against appellee's wife, Ila Mae Bolles. On appellee's motion, appellants' complaint was dismissed for failure to state a claim upon which relief could be granted. This appeal followed. The sole specification of error asserted by appellants is that the court erred in entering its order dismissing the complaint.

The Restatement of the Law of Judgments provides that:

A person who is not a party but who controls an action, individually or in cooperation with others, is bound by the adjudications of litigated matters as if he were a party if he has a proprietary or financial interest in the judgment or in the determination of a question of fact or of a question of law with reference to the same subject matter or transaction * * *[1]

The rule stated in this Section applies * * * to situations in which the one who assumes control has a proprietary

---

1. Restatement of Judgments § 84, at 390 (1942).

or financial interest in a subject matter or transaction involved in the action and who participates in order to secure an adjudication upon the facts with reference to such subject matter or transaction.[2]

■ We adopt the foregoing rule.[3] It is dispositive of the issue raised in this case. Appellants' complaint alleged that appellee "[D]id at all times control the litigation in the mentioned matter,[4] throughout and including the trial * * *" and that appellee had entered into a stipulation with the parties to the earlier action "[W]herein he agreed to be bound by the Judgment rendered therein with regard to damage to his own motor vehicle * * *." This is a sufficient allegation of control of the earlier action by appellee and of his financial interest in a subject matter or transaction involved in such action—viz., a determination of his rights as to the damage to his vehicle—so as to bring the rule of the Restatement into play.

■ Whether or not such control and interest existed as a fact is not controlling at this stage of the matter. We are dealing now with a motion to dismiss for failure to state a claim for relief. For the purpose of such a motion, the facts in the complaint are admitted to be true.[5] On the face of the complaint and from the state of the pleadings it does not appear that it is impossible for appellants to prove the pertinent facts upon which the alleged liability of appellee depends. Where such a possibility exists, the complaint is good as against a motion to dismiss, even though the trial court may believe that appellants will ultimately be unable to prove the necessary facts to support the allegations in the complaint.[6] We hold that the complaint states a claim for relief, for if the appellee's requisite control and interest as alleged can be proved, he would be bound as if he had been a party by the adjudication of litigated matters essential to the judgment, such as Ila Mae Bolles' negligence and resulting liability to Cora Kamstra.

The judgment is reversed and the case remanded for further proceedings not inconsistent with this opinion.

2. Id. comment c, at 393–94.

3. See Bridgeport Hydraulic Co. v. Pearson, 139 Conn. 186, 91 A.2d 778, 783 (1952). For a discussion of the theory embodied in § 84 of the Restatement of Judgments, see Annot., 139 A.L.R. 9 (1942).

4. The "mentioned matter" is the earlier action which we have referred to that was brought by appellant, Cora Kamstra, against appellee's wife, Ila Mae Bolles.

5. Davis v. Turner, 197 F.2d 847 (5th Cir. 1952); Domestic & Foreign Commerce Corp. v. Littlejohn, 83 U.S.App.D.C. 13, 165 F.2d 235, 237 (1947), rev'd on another ground, Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949); Leimer v. State Mut. Life Assur. Co., 108 F.2d 302, 305 (8th Cir. 1940); United States v. American Radiator & Standard Sanitary Corp., 115 F.Supp. 422, 423 (D.Minn.1953); Creedon v. Bowman, 75 F.Supp. 265, 267 (W.D.Pa. 1948).

6. Shannon v. City of Anchorage, 429 P.2d 17, 19–20 (Alaska 1967); Maier v. City of Ketchikan, 403 P.2d 34, 38 (Alaska 1965); Lieb v. Interior Enterprises, Inc., 395 P.2d 32, 36 (Alaska 1964); Corsican Productions v. Pitchess, 338 F.2d 441, 442 (9th Cir. 1964); 1A Barron & Holtzoff, Federal Practice and Procedure § 356 (1960).