JOSEPH S. AND YVONNE Y. MERRILL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Merrill v. Commissioner
Docket No. 8956-89
United States Tax Court
T.C. Memo 1989-590; 1989 Tax Ct. Memo LEXIS 584; 58 T.C.M. (CCH) 558; T.C.M. (RIA) 89590; October 30, 1989
*584 Calder L. Robertson, Jr., for the respondent. GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted, filed June 12, 1989. See Rule 40. [1] On July 24, 1989, petitioners filed their opposition to respondent's motion. Respondent presented argument at a hearing held by the Court on July 26, 1989. Petitioners resided in Anchorage, Alaska at the time the petition herein was filed. Respondent determined a deficiency in petitioners' Federal income taxes for the taxable year 1985 in the amount of $ 428. The deficiency is based on respondent's determination that petitioners failed to report as taxable income the dividend received by them in 1985 from the Alaska Permanent Fund. The petition filed herein fails to raise any justiciable error with respect to respondent's determination and no justiciable facts in support thereof. See Rule 34(b). *585 Petitioners have the burden of proof. Welch v. Helverinq, 290 U.S. 111 (1933). In large part, the petition echoes the familiar tax protester arguments which are totally lacking in merit and which have been consistently rejected by this and other Courts. See, e.g., Ficalora v. Commissioner, 751 F.2d 85 (2d Cir. 1984); Rowlee v. Commissioner, 80 T.C. 1111 (1983). Petitioners' contention that respondent, in treating the dividend payment to petitioners as income, has unjustifiably broadened the meaning of the term income in the Sixteenth Amendment is groundless. The Supreme Court in Eisner v. Macomber, 252 U.S. 189 (1920), did not, as petitioners mistakenly contend, require a narrow and inflexible reading of the term income. To the contrary, the Supreme Court in Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 430 (1955), adopted a broad concept of income which covered any accretion to wealth from any source whatever. Petitioners do not dispute the payment of dividends to them in 1985 from the Alaska Permanent Fund Dividend Program. The issue involving the taxability of such payments from the *586 Alaska Permanent Fund Dividend Program was decided by the Court of Appeals for the Ninth Circuit in Griesen By and Through Griesen v. United States, 831 F.2d 916 (9th Cir. 1987), cert. denied 485 U.S. 1006 (1988). In the Griesen case the Ninth Circuit described the Alaska Permanent Fund as a constitutionally created reserve of funds financed by state oil and mineral proceeds. State legislation in 1982 provides for the payment of dividends from the Permanent Fund to all eligible state residents. The taxpayers in Griesen advanced the same arguments advanced here by petitioners. The Court of Appeals rejected the taxpayers' arguments, including their contention that the Sixteenth Amendment required a narrow meaning of "income." The Court held that the dividend program payments constituted taxable income under the provisions of section 61(c). Since venue for the instant case lies in the Ninth Circuit, we are bound to follow that Court's decision. Golsen v. Commissioner, 54 T.C. 742, 756-757 (1970). Generally, an action will be dismissed for failure to state a claim where it appears beyond doubt that petitioner can prove no set *587 of facts in support of a claim upon which relief can be granted. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Dismissal is appropriate only where there is an insuperable bar to relief or where there is no doubt as to the result. See Corsican Productions v. Pitchess, 338 F.2d 441, 442-443 (9th Cir. 1964); see also Walker Distributing Co. v. Lucky Lager Brewing Co., 323 F.2d 1, 3 (9th Cir. 1963), cert. denied 385 U.S. 976 (1966). On this record, we do not believe that petitioners can prove any set of facts upon which relief can be granted. Accordingly, respondent's motion to dismiss will be granted. An appropriate order will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩