Mary Lou GRACE, Plaintiff,

v.

**FEDERAL EMERGENCY MANAGEMENT,** Defendant.

No. CV 95–0575 DT (JRx).

United States District Court, C.D. California, Western Division.

May 8, 1995.

7. Mark D. Rosenbaum.

8. Dan Stormer.

9. Virginia Keeny.

10. Anne Richardson.

11. Kristine Hadsell.

Mary Lou Grace, Hollywood, CA, in pro per.

Gwendolyn M. Gamble, Asst. U.S. Atty., Los Angeles, CA, for defendant.

ORDER **GRANTING** DEFENDANT FEDERAL EMERGENCY MANAGEMENT'S MOTION TO DISMISS WITH PREJUDICE AND WITHOUT LEAVE TO AMEND

TEVRIZIAN, District Judge.

*Background*

On January 23, 1995, Plaintiff Mary Lou Grace filed a complaint in Small Claims Municipal Court, County of Los Angeles alleging that the United States Federal Emergency Management Agency ("FEMA") owes her $5,000 ("Complaint"). She states that she was eligible for this money, but did not receive it.

On January 30, 1995, FEMA removed the Complaint to the United States to the District Court for the Central District of California because this Court possess original jurisdiction over civil actions against FEMA.

FEMA filed a Motion to Dismiss, or in the Alternative, for Summary Judgment on April 7, 1995. FEMA contends that this Court should dismiss Plaintiff's Complaint because this Court lacks subject matter jurisdiction; and because the Complaint fails to state a claim upon which relief can be granted. Plaintiff has not opposed this Motion.

*Discussion*

*A.  Standard*

Pursuant to Rule 12(b)(6), this Court may only dismiss Plaintiff's Complaint if it appears beyond doubt that he can prove no set of facts in support of his claim which

would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir.1980). The purpose of a motion to dismiss for failure to state a claim is to test the formal sufficiency of the pleadings. *Id.* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure (2d ed. 1990). Therefore, it is only the extraordinary case in which dismissal is proper, *Corsican Productions v. Pitchess*, 338 F.2d 441, 442 (9th Cir.1964), because courts must assume that the plaintiff's allegations are true and construe the complaint in a light most favorable to them. *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir.1981) (citing *California Dump Truck Owners Assn. v. Associated General Contractors of America*, 562 F.2d 607, 614 (9th Cir.1977); *McKinney v. De-Bord*, 507 F.2d 501, 503 (9th Cir.1974)).

■ Generally, orders granting motions to dismiss are without prejudice unless "allegations of other facts consistent with the challenged pleading could not possibly cure the defect." *Schreiber Dist. v. Serv–Well Furniture*, 806 F.2d 1393, 1401 (9th Cir.1986).

### B. Analysis

■ Plaintiff always bears the burden of establishing subject matter jurisdiction. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir.1989). Here, Plaintiff is suing FEMA, an agency of the United States. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983).

Here, Plaintiff's Complaint does not illustrate how the United States has waived its sovereign immunity to permit a suit for denial of FEMA benefits. Further, FEMA contends that Plaintiff can never show such a waiver because the Stafford Act, P.L. 93–288, as amended, 42 U.S.C. § 5146 *et seq.*, which created FEMA, does not create the right for judicial review of the agency's decisions. Rather, when an applicant is declared ineligible for Disaster Housing Assistance, the applicant has a right to appeal to the FEMA

Regional Director, whose decision is final. 44 C.F.R. § 205.52(p).

Accordingly, this Court **GRANTS** FEMA's Motion to Dismiss with prejudice and without leave to amend.

IT IS SO ORDERED. .